Filed 10/16/20  In re K.B. CA1/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION ONE

<table>
<tr><td>In re K.B., A Person Coming Under the Juvenile Court Law.</td><td></td></tr>
<tr><td>THE PEOPLE OF THE STATE OF CALIFORNIA,<br><br>      Plaintiff and Respondent,<br><br>v.<br><br>K.B.,<br><br>      Defendant and Appellant.</td><td>A158274<br><br>(Solano County Sup. Ct. No. J44533)</td></tr>
</table>

This is an appeal from a dispositional order adjudging K.B. a juvenile court ward pursuant to Welfare and Institutions Code[1] section 602 and placing him in the home of his mother under various probationary terms and conditions, including a requirement that he "submit to drug/alcohol testing by any Peace Officer."  K.B.'s sole contention on appeal is that the drug and alcohol testing condition in unreasonable under *People v. Lent* (1975 ) 15 Cal.3d 481 (*Lent*), superseded by statute on another ground as stated in *People v. Moran* (2016) 1 Cal.5th 398, 403, fn. 6 .  We disagree and affirm.

---

[1] All statutory references are to the Welfare and Institutions Code unless otherwise specified.

## BACKGROUND

Our description of the underlying offense is taken from the detention report in this matter which formed the factual basis for K.B.'s admission, with one exception noted below. On July 5, 2019, 17-year-old K.B. and his friend J.D. robbed a hair salon in Vallejo. J.D. was armed with a firearm. K.B. and J.D. demanded money and other valuables from several salon patrons. They eventually ran off with money and three phones. During a search of the area, police observed K.B. and J.D.—who matched the description of the suspects— walk into a residence. The minors were arrested after police called one of the stolen cell phones and heard it ringing inside the house.

The Solano County District Attorney filed a juvenile wardship petition alleging that K.B. committed three counts of felony second degree robbery (Pen. Code, § 211) and that he personally used a firearm in the commission of those offenses (*Id.,* §§ 12022.5, subd. (a)(1), 12022.53, subd. (b).) On July 24, 2019, the prosecutor moved to strike the firearm enhancements as to all counts. On July 30, 2019, K.B. admitted to one count of second degree robbery,[2] and the juvenile court, pursuant to the prosecutor's motion, dismissed the other two counts.

In advance of the dispositional hearing, the probation department filed a report which noted that K.B. had a history of drug use and poor school performance. By his own account, K.B. started using marijuana when he was 16 years old and had been using it almost daily since his friend was shot and killed in June 2018. He had used marijuana two days before committing the robbery at issue in these proceedings. He had also "experimente[d] with alcohol" once in 2019. The probation department assessed K.B. as a "moderate risk" for reoffense, due in part to his history of drug use and poor school performance.

---

[2] The parties stipulated that the detention report supplied the factual basis for the plea. However, that report wrongly suggested that K.B. was the minor armed with the firearm. The stipulation excluded this erroneous fact.

At the dispositional hearing on August 16, 2019, the juvenile court adjudged K.B. a juvenile court ward and placed him on probation in his mother's home. The court imposed various terms of probation, including a condition that K.B. abstain from using or possessing illegal drugs and alcohol and that he "submit to drug/alcohol testing by any Peace Officer." Minor's counsel objected to the alcohol and drug testing condition, arguing that there was "no nexus regarding controlled substances to the underlying offense." The juvenile court disagreed, finding "ongoing illegal use of marijuana as recently as July of 2019 according to the minor, so there would be a nexus to his rehabilitation." This appeal followed.

## DISCUSSION

" 'The purposes of juvenile wardship proceedings are twofold: to treat and rehabilitate the delinquent minor, and to protect the public from criminal conduct.' " (*In re Ricardo P.* (2019) 7 Cal.5th 1113, 1118 (*Ricardo P.*).) When imposing probation conditions, the juvenile court considers the circumstances of the offense as well as the minor's entire social history. (*In re Tyrell J.* (1994) 8 Cal.4th 68, 81, overruled on other grounds in *In re Jaime P.* (2006) 40 Cal.4th 128, 130, 139.) Moreover, " '[a] condition of probation which is impermissible for an adult criminal defendant is not necessarily unreasonable for a juvenile receiving guidance and supervision from the juvenile court.' " (*Ricardo P.*, at p. 1118.)

We review conditions of probation for abuse of discretion. (*Ricardo P.*, *supra*, 7 Cal.5th at p. 1118.) Thus, we will uphold the juvenile court's order unless " 'the condition is "arbitrary or capricious" or otherwise exceeds the bounds of reason under the circumstances.' " (*Ibid.*) Under *Lent*, *supra*, 15 Cal.3d 481, a probation condition is unreasonable and therefore invalid if it has no relationship to the crime, relates to conduct which is not itself criminal, and requires or forbids conduct not reasonably related to future criminality. (*Id.*

3

at p. 486; see *Ricardo P.*, at p. 1118.) "[T]he *Lent* test governs in juvenile and adult probation cases alike." (*Ricardo P.*, at p. 1119.)

K.B. asks us to strike the juvenile court's drug and alcohol testing condition as unreasonable under *Lent, supra,* 15 Cal.3d 481. He contends that the testing condition is not proper because it is not reasonably related to his offense or to future criminality. He also claims that under the Supreme Court's recent decision in *Ricardo P.*, such a testing condition cannot be justified because it ensures compliance with other conditions of probation. And, he argues, again citing *Ricardo P.,* that the burden of the testing condition on his privacy is substantially disproportionate to its potential impact on his rehabilitation or the protection of society. We are not convinced.

If, as in this case, a minor is found to be a person described by section 602 and the court does not remove the minor from the physical custody of his or her parents, section 729.3 expressly permits a juvenile court to "require the minor to submit to urine testing upon the request of a peace officer or probation officer for the purpose of determining the presence of alcohol or drugs." In addition, when a minor is adjudged a juvenile court ward, section 730 authorizes the juvenile court to "impose and require any and all reasonable conditions that it may determine fitting and proper to the end that justice may be done and the reformation and rehabilitation of the ward enhanced." (*Id.*, subd. (b).) This statute has been held to authorize probation conditions requiring drug and alcohol testing by blood, breath, or urine. (*In re P.A.* (2012) 211 Cal.App.4th 23, 40; see *In re Jimi A.* (1989) 209 Cal.App.3d 482, 487–488 [upholding probation condition requiring ward to submit to " 'random drug testing' "]; *In re Jose R.* (1982) 137 Cal.App.3d 269, 278–280 [upholding probation condition requiring ward to submit to " 'any tests' " to determine alcohol and drug use].) Given K.B.'s prior history of experimentation with alcohol and daily marijuana usage,

4

including two days before the robbery, the juvenile court acted well within its discretion in ordering K.B. to submit to drug and alcohol testing.

The question remains whether the testing condition is nevertheless invalid under the *Lent* test. *In re Kacy S.* (1998) 68 Cal.App.4th 704 (*Kacy S.*) is directly on point. In that case, two minors admitted they were described by section 602 after participating in a school fight and were placed on six months' probation in the physical custody of their parents. (*Id.* at pp. 707–708.) Although there was no indication in the minors' offense or social histories of substance abuse, the juvenile court ordered each minor to " 'submit to urine testing to determine the presence of alcohol and illegal drugs' " as a condition of probation. (*Ibid.*) The appellate court concluded that the testing condition was authorized by section 729.3. (*Id.* at pp. 708–709.)

The *Kacy S.* court additionally determined that the condition was permissible under *Lent.* (*Kacy S.*, *supra*, 68 Cal.App.4th at pp. 709–710.) It reasoned that the urine testing condition related to conduct which was itself criminal because it was "designed to detect the presence of substances whose use by minors is *unlawful.*" (*Id.* at p. 710.) The appellate court also noted that, in enacting section 729.3, the Legislature expressly declared that alcohol and drug abuse are among " '[t]he precursors of serious criminality by juveniles.' " (*Id.* at pp. 708–709, fn. 2, 710; see Stats. 1989, ch. 1117, § 1, subd. (a)(2); see also *id.* § 1, subd. (a)(1) ["The problem of juvenile delinquency should be addressed at its inception rather than after it has progressed to serious criminality."].) Thus, the testing condition was reasonably related to future criminality. (*Kacy S.*, at p. 710.) Because the condition failed two of the three prongs of the *Lent* formulation, its imposition was a valid exercise of the juvenile court's discretion. (*Ibid.*)

The *Kacy S.* court rejected the argument that the testing condition was an unreasonable invasion of privacy, subjecting the minors to unreasonable search and seizure. (*Kacy S., supra,* 68 Cal.App.4th at pp. 710–711.) Noting that "a probationer's expectations of privacy are diminished by [his or her] probation status and are subordinated to governmental activities which reasonably limit the right of privacy," the court concluded that the drug and alcohol testing condition was "a reasonable intrusion upon a probationer's expectations of privacy." (*Id.* at p. 711.) Specifically, the court reasoned: "The governmental interest in testing is strong. The juvenile court's goals are to protect the public and rehabilitate the minor. [Citations.] Section 729.3 serves both goals. It protects the public by establishing procedures to deter or prevent use of alcohol and unlawful drugs by minors. It advances the rehabilitation of young offenders by seeking to detect alcohol or drug use as a precursor of criminal activity in order to facilitate intervention at the earliest time. [Citations.] Although urine testing constitutes an intrusion on privacy, the effect of the intrusion is outweighed by the government's legitimate interest in closely monitoring the rehabilitation of minors who are granted probation and returned to the custody of their parents." (*Ibid.*)

Like *Kacy S.*, we conclude that the testing condition here is valid under *Lent* because it directly relates to conduct which is itself criminal—the unlawful use of drugs or alcohol by a minor. The testing condition at issue is narrowly drawn to determine in a direct and definitive way whether K.B. is illegally using alcohol and drugs. Further, as discussed above, the Legislature has determined that, at least for juveniles, illegal drug and alcohol use are " 'precursors of serious criminality.' " (*Kacy S., supra,* 68 Cal.App.4th at p. 710.) Thus, while an alcohol and drug testing condition does represent some level of intrusion upon a minor's privacy interests, it also "protects the public by establishing procedures

6

to deter or prevent use of alcohol and unlawful drugs by minors" and "advances the rehabilitation of young offenders by seeking to detect alcohol or drug use as a precursor of criminal activity in order to facilitate intervention at the earliest time." (*Id.* at p. 711.)

In our view, nothing in *Ricardo P.*, *supra*, 7 Cal.5th 1113, alters this analysis. In that case, the juvenile court placed the minor on probation and imposed a warrantless electronics search condition. (*Id.* at p. 1115.) The juvenile court imposed the condition as a means of monitoring Ricardo's drug usage and justified it by inferring that Ricardo likely used marijuana during the offenses at issue and by generalizing that teenagers typically brag about drug use online. (*Id.* at pp. 1119–1120.) The minor appealed, challenging the electronics search condition as both unreasonable under *Lent* and unconstitutionally overbroad. (*Id.* at p. 1116.) The Supreme Court granted review to address the narrow issue of whether the electronic search condition was reasonably related to future criminality under *Lent*. (*Id.* at p. 1116.) Thus, for purposes of its opinion, the high court assumed that the electronics search condition was neither related to the underlying offense nor related to conduct which was itself criminal. (*Id.* at pp. 1116, 1118–1119.)

In concluding that the electronics search condition was not reasonably related to future criminality, the Supreme Court held that the record before it, "which contain[ed] no indication that Ricardo had used or will use electronic devices in connection with drugs or any illegal activity, [was] insufficient to justify the substantial burdens imposed by this electronics search condition." (*Ricardo P.*, *supra*, 7 Cal.5th at p. 1116.) As the *Ricardo* court explained, "*Lent*'s requirement that a probation condition must be ' "reasonably related to future criminality" ' contemplates a degree of proportionality between the burden imposed by a probation condition and the legitimate interests served by the

7

condition." (*Id.* at p. 1122.)  Since the sweeping electronics search condition imposed "a very heavy burden on privacy with a very limited justification," it was not " ' "*reasonably* related to future criminality" ' " and was therefore invalid under *Lent*.  (*Id.* at p. 1124.)

Appellant's comparison of the electronics search condition in *Ricardo P.* to the drug and alcohol testing condition here falls short for several reasons. Unlike an electronics search condition that intrudes upon a range of otherwise lawful activity, the drug and alcohol testing condition relates solely to ferreting out unlawful behavior by the minor.  The testing condition is valid under *Lent* for that reason alone. (*See People v. Olguin* (2008) 45 Cal.4th 375, 379 [the three-part *Lent* test "is conjunctive—all three prongs must be satisfied before a reviewing court will invalidate a probation term"].) In addition, the burdens imposed by the testing condition are proportional to achieving the legitimate goal of preventing future criminality by monitoring K.B.'s drug or alcohol use and establishing the means for early intervention to aid in his rehabilitation.  (See *Ricardo P.*, *supra*, 7 Cal.5th at p. 1122 [" 'conditions of probation aimed at rehabilitating the offender need not be so strictly tied to the offender's precise crime' [citation] so long as they are 'reasonably directed at curbing [the defendant's] future criminality.' "].)

## DISPOSITION

The judgment is affirmed.

_____
Sanchez, J.

WE CONCUR:


_____
Humes, P. J.


_____
Banke, J.