Filed 10/29/20  In re K.S. CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Shasta)

----

| | |
|---|---|
| In re K.S., a Person Coming Under the Juvenile Court Law. | C090869 |
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>    v.<br><br>K.S.,<br><br>        Defendant and Appellant. | (Super. Ct. No. SCRDJDSQ193146601) |

After the juvenile court adjudged K.S. a ward of the court, it placed her on probation with certain conditions, including an electronics search condition that K.S. challenges on appeal as both unreasonable under state law and unconstitutionally overbroad.  We agree with K.S. that, under *People v. Lent* (1975) 15 Cal.3d 481 and

1

*In re Ricardo P.* (2019) 7 Cal.5th 1113 (*Ricardo P.*), the electronics search condition is unreasonable.  Accordingly, we will strike that condition and otherwise affirm.

BACKGROUND

In July 2019, a petition under Welfare and Institutions Code section 602 was filed in Shasta County alleging that K.S. committed arson of an inhabited structure in violation of Penal Code section 451, subdivision (b).[1]  Ultimately, in October 2019, K.S. admitted she committed arson of a structure (§ 451, subd. (c)) and criminal threats (§ 422).

A November 2019 dispositional report by a Shasta County probation officer summarized the underlying facts of the case:  in late June 2019, staff at a residential youth group home conducted a room check and confiscated several of K.S.'s cellphone chargers.  K.S. did not respond well to the room search and said the residence counselor was going to die.  The next day, the counselor heard a smoke detector alarm in a hallway near a bathroom, and later saw the bathroom curtain on fire.  During the tumult, K.S. left the group home without permission.

A little more than a month later, law enforcement contacted K.S. at her mother's home, where K.S. admitted that she started the fire to escape from the group home because "if she had stayed there any longer she would have killed herself because nobody would listen to her."

K.S. told an officer that burns observed on her left arm were self-inflicted. The November 2019 dispositional report explained that K.S. shared that she had been cutting herself since she was in sixth grade and she stated she planned to kill herself upon release.  The report explained K.S.'s history of suicidal gestures, suicidal and homicidal ideation and multiple psychiatric hospitalizations.  A collateral statement portion of the report detailed statements K.S. provided to others that in February 2019, she used a

---

[1] Undesignated statutory references are to the Penal Code.

2

website to arrange to meet with a 30-year-old male to have intercourse, and that K.S. was hoping that if she met with the man he would kill her so she would not have the title of suicide.

At a November 2019 disposition hearing, the juvenile court adjudged K.S. a ward of the court and placed her on juvenile probation.  The juvenile court imposed various terms and conditions, including condition 14, which provides:  "That she submit her person, property, vehicle, residence, and any parcel under her control to warrantless search at any time, by any peace officer or probation officer with or without probable cause; and that she provide any password or combination necessary to access any electronic device or service during the warrantless search process."

A probation officer had stated the belief that the terms and conditions were necessary for the rehabilitative direction and goals of probation.  The juvenile court imposed the electronic search condition over objection from K.S.'s counsel, explaining that even though use of an electronic device was not apparently involved in the acts that gave rise to the sustained charges, there was substantial information in the dispositional report leading the juvenile court to believe it is appropriate to include the electronics search condition.

## DISCUSSION

K.S. argues the electronics search condition is unreasonable under state law and unconstitutionally overbroad.  We conclude the challenged condition is unreasonable under *Lent* and *Ricardo P*.

### A

" '[A] juvenile court may order a ward under its jurisdiction to probation.  (Welf. & Inst. Code, §§ 727, 730, subd. (a).)  Under Welfare and Institutions Code section 730, subdivision (b), the court 'may impose and require any and all reasonable conditions that it may determine fitting and proper to the end that justice may be done and the

3

reformation and rehabilitation of the ward enhanced.' " (*Ricardo P., supra*, 7 Cal.5th at p. 1118.)

" '[A] condition of probation which requires or forbids conduct which is not itself criminal is valid if that conduct is reasonably related to the crime of which the defendant was convicted or to future criminality.' (*Lent*, *supra*, 15 Cal.3d at p. 486.)" (*Ricardo P., supra*, 7 Cal.5th at p. 1118.) A condition of probation is invalid, if it (1) has no relationship to the crime of which the offender was convicted, (2) relates to conduct which is not in itself criminal, and (3) requires or forbids conduct which is not reasonably related to future criminality. (*Ibid.*) The *Lent* test " 'is conjunctive -- all three prongs must be satisfied before a reviewing court will invalidate a probation term.' [Citation.]" (*Ibid.*)

Although we review for an abuse of discretion, our deferential review must be meaningful and anchored in the record made by the juvenile court. (*Ricardo P., supra*, 7 Cal.5th at pp. 1118, 1124.)

B

In *Ricardo P.*, the California Supreme Court addressed a challenge to an electronics search condition in the case of a minor who admitted to a felony burglary that did not involve any electronics use and then challenged a probation condition allowing warrantless searches of his electronic devices and accounts. (*In re David C.* (2020) 47 Cal.App.5th 657, 662 (*David C.*).) The Court "clarified that '*Lent*'s requirement that a probation condition must be " 'reasonably related to future criminality' " contemplates a degree of proportionality between the burden imposed by a probation condition and the legitimate interests served by the condition.' [Citation.] It struck the electronics search condition as not reasonably related to Ricardo's future criminality, finding that the condition imposed 'a very heavy burden on privacy with a very limited justification.' [Citation.] The burden imposed on Ricardo's privacy was 'substantially disproportionate to the condition's goal of monitoring and deterring drug use,' and, thus, the court held the

4

condition invalid under *Lent*. [Citation.] In rejecting the People's argument that the condition was justified because it would aid in monitoring Ricardo's drug usage, the high court stated: 'If we were to find this record sufficient to sustain the probation condition at issue, it is difficult to conceive of any case in which a comparable condition could not be imposed, especially given the constant and pervasive use of electronic devices and social media by juveniles today. In virtually every case, one could hypothesize that monitoring a probationer's electronic devices and social media might deter or prevent future criminal conduct.' [Citation.]" (*David C.*, at p. 663.)

Similarly, the Supreme Court rejected the proposition that any search condition facilitating supervision of a probationer necessarily is reasonably related to future criminality. Such a proposition would oblige courts "to uphold under *Lent* a condition mandating that probationers wear 24-hour body cameras or permit a probation officer to accompany them at all times. Such conditions would enhance supervision of probationers and ensure their compliance with other terms of probation. But they would not be reasonable because the burden on the probationer would be disproportionate to the legitimate interest in effective supervision." (*Ricardo P.*, *supra*, 7 Cal.5th at p. 1125.)

In *David C.,* the court struck a minor's electronics search condition as unreasonable in light of *Ricardo P.*, explaining: "Nothing in the record suggests minor's crimes involved any use of electronics. The People did not articulate a specific justification for the search condition, and instead provided only a general statement that minors in sex offender treatment are typically subject to such search conditions so that 'we . . . have the ability to see what they're looking at on the Internet.' This general statement alone [was] insufficient to find that the electronics search condition" was reasonably related to future criminality. (*David C., supra*, 47 Cal.App.5th at pp. 663-664.)

Here too, nothing in the record suggests K.S.'s offenses involved any use of electronics, and the People did not articulate a specific justification for the search

5

condition.  A probation officer provided a general statement to the juvenile court regarding the rehabilitative direction and goals of probation, and the People now argue on appeal that the electronics search condition is reasonably related to enhancing the probation department's supervision of appellant.  But, as the Court explained in *Ricardo P.*, a broad rationale to facilitate supervision does not render the electronics search condition reasonable because the burden would be disproportionate to the legitimate interest in effective supervision.  (*Ricardo P., supra*, 7 Cal.5th at p. 1125; see also *id.* at p. 1121 ["*Lent* does not 'authoriz[e] conditions to shield probationers from exposure to people and circumstances that are less than ideal but are nonetheless unrelated to defendant's current or prior offenses or any factor suggesting a risk of future criminal conduct' "].)

Accordingly, we conclude the electronics search condition is not reasonably related to future criminality, as it is disproportionate to the legitimate interest in effective supervision.

C

All three prongs of the *Lent* test must be satisfied before a reviewing court will invalidate a probation term.  (*Ricardo P., supra*, 7 Cal.5th at p. 1118.)  We have determined that the electronics search condition is not reasonably related to future criminality, and there is no dispute that the electronics search condition relates to conduct that is not in itself criminal.  But the People argue the search condition is related to K.S.'s offenses because the confiscation of her cellular telephone chargers prompted her to commit the criminal acts due to her over-attachment to her cell phone.

The argument fails, however, because the trial court indicated use of an electronic device was not involved in the acts that gave rise to K.S.'s offenses.  The record supports the trial court's statement.  According to the probation report, K.S. told a counselor he was going to die because she did not respond well to the room search.  Moreover, K.S.

said she started the fire to escape from the group home because nobody would listen to her.

Because we conclude the electronics search condition is unreasonable, we need not address K.S.'s constitutional challenge. (See *People v. Moran* (2016) 1 Cal.5th 398, 401-402 & fn. 2.)

## DISPOSITION

Probation condition 14 is modified to strike the portion stating "; and that she provide any password or combination necessary to access any electronic device or service during the warrantless search process". The judgment is affirmed as modified. The juvenile court is directed to forward a copy of the amended probation order to the appropriate probation authorities.


                                        /S/
                                        MAURO, J.



We concur:



        /S/
RAYE, P. J.



        /S/
RENNER, J.


7