Filed 1/19/21  P. v. Wiseman CA2/6

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>RICHARD WISEMAN,<br><br>    Defendant and Appellant. | 2d Crim. No. B299637<br>(Super. Ct. No. 18CR06306)<br>(Santa Barbara County) |

Richard Wiseman pled guilty to stalking (Pen. Code § 646.9, subd. (b)), inflicting corporal injury on former dating partner (§ 273.5, subd. (a)), and misdemeanor dissuading a witness (§ 136.1, subd. (b)(1)).  The trial court placed Wiseman on probation subject to various terms and conditions including that he serve one year in county jail.

Wiseman challenges a condition of probation that he allow a warrantless search of all his electronic devices.  We hold the condition is not overbroad.  We affirm.

FACTS[1]

Wiseman and P.H. had been in a three-year relationship. Wiseman was often abusive. On December 17, 2017, Wiseman became upset with her while they were shopping for groceries. He attacked her in the car returning to the hotel where she was staying.

Inside P.H.'s hotel room, Wiseman accused her of being unfaithful. He threw her against the wall, slammed her head into the door frame, and thrust his thumb and forefinger down her throat. He held her on the bed, wrapped a scarf around her neck, and strangled her with it. She thought he was trying to kill her. She managed to push him off. He left when she started to scream.

After the assault, Wiseman sent P.H. text messages. The messages referenced the assault. In one of the messages, he sent her current address in an attempt to intimidate her. In other messages, he threatened to assault her physically and sexually.

In February 2018, Wiseman visited P.H. in the middle of the night. She allowed him in. After talking with him, she told him to leave. He attacked her again before leaving.

*Probation Condition*

One of the conditions of Wiseman's probation is: "You are subject to search and seizure of all personal electronic devices for electronic communication information and must submit to search of all computers, hard drives, flash drives, thumb drives, disks, removable media, computer networks, electronic data storage devices, personal digital assistants, cell phones, smart phones, i-Pads, Notebooks, Chromebooks, electronic gaming consoles, and

---

[1] Because Wiseman pled guilty, the facts are taken from the probation report.

2

any other electronic devices and the like ('Computers and Electronic Devices') under your custody or control to which you have sole, shared, partial, or limited access, without a search warrant at any time of the day or night."

At sentencing, Wiseman objected that the condition is overbroad. The trial court overruled the objection.

DISCUSSION

The purpose of probation is rehabilitation of the offender and protection of the public from future criminal activity. (*People v. Moran* (2016) 1 Cal.5th 398, 402.) Courts have broad discretion to fashion conditions of probation to accomplish those purposes. (*Id.* at pp. 402-403.)

A condition of probation is valid unless it (1) has no relationship to the crime of which the offender was convicted, (2) relates to conduct which is not in itself criminal, and (3) requires or forbids conduct which is not reasonably related to future criminality. (*People v. Lent* (1975) 15 Cal.3d 481, 486.) All three factors must be satisfied before a reviewing court will invalidate a condition of probation. (*People v. Olguin* (2008) 45 Cal.4th 375, 379.)

Here Wiseman pled guilty to stalking P.H. Much of the stalking occurred by text message. Thus, a condition of probation imposing a warrantless search on Wiseman's electronic devices is justified as related to the crime of which he was convicted and reasonably related to future criminality. Wiseman appears to concede as much. But he argues the search term is overbroad. He believes it should be confined to a search of his text messages and e-mails to the victim.

Wiseman argues that searches of personal electronic devices implicate the Fourth Amendment protection against

unreasonable searches and seizures. (Citing *Riley v. California* (2014) 573 U.S. 373 [189 L.Ed.2d 430].) Where a probation condition imposes limitations on a person's constitutional rights, the limitation must be closely tailored to the purpose of the condition to avoid being invalidated as unconstitutionally overbroad. (*In re Sheena K.* (2007) 40 Cal.4th 875, 890.)

Wiseman's suggestion that the search condition be confined to text messages and e-mails to the victim is much too narrow. The trial court's main concern in imposing the condition is future criminality. Wiseman's ability to harass and intimidate his victim is not confined to text messages and e-mails sent directly to her. Other social media platforms can be used to accomplish that purpose. In addition, the victim may be harassed and intimidated by texts and e-mails sent to the victim's employer, friends, and relatives. The ability to harass and intimidate a victim through the use of the electronic devices included in the probation condition is limited only by the imagination of the harasser. Moreover, the probation condition may be useful in preventing Wiseman from using electronic devices to harass others. The probation condition as written is fully justified.

The judgment is affirmed.

NOT TO BE PUBLISHED.


GILBERT, P. J.

We concur:


YEGAN, J.                    PERREN, J.


4

Michael J. Carrozzo, Judge

Superior Court County of Santa Barbara

_____

Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Zee Rodriguez, Wyatt E. Bloomfield and Paul S. Thies, Deputy Attorneys General, for Plaintiff and Respondent.