Filed 7/27/21  P. v. Mertz-Watson CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

<table>
<tr><td>THE PEOPLE OF THE STATE OF CALIFORNIA,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>LYNDSI REID MERTZ-WATSON,<br><br>Defendant and Appellant.</td><td>2d Crim. No. B307405<br>(Super. Ct. No. 2019017863)<br>(Ventura County)</td></tr>
</table>

Lyndsi Reid Mertz-Watson appeals the judgment entered in case number 2019017863 after she pleaded guilty to battery on a peace officer (Pen. Code,[1] (§ 243, subd. (c)(2)). Appellant also pleaded guilty in case number 2019022590 to destroying jail property (§ 4600, subd. (a); count 1) and vandalism (§ 594, subd. (b)(1); count 2). At a joint disposition hearing, the trial court

---

[1] All statutory references are to the Penal Code unless otherwise stated.

sentenced appellant in case number 2019022590 to an aggregate term of 19 months in county jail with full credit for time served. In case number 2019017863, the trial court designated the battery offense as a misdemeanor and placed appellant on probation with terms and conditions including that she pay $3,145.25 in victim restitution to the Ventura County Sheriff's Department. Appellant contends the condition requiring her to pay victim restitution must be stricken because it is based upon the conduct for which she was convicted in case number 2019022590. We affirm.

**FACTS AND PROCEDURAL HISTORY[2]**

*Battery On a Peace Officer (Case Number 2019017863)*

On June 2, 2019, appellant's mother Patty Jones called 911 and reported that appellant, who lived with her and was being treated for bipolar disorder, had lunged at her and threatened to hit her. When Simi Valley Police Officer Shane Johnson and his partner responded to the residence, Jones stated that appellant had stopped taking her prescribed medication and had recently used methamphetamine. Officer Johnson contacted appellant in her bedroom and tried to speak with her. Appellant told the officer to get out of her room. When he did not do so, she struck him on the cheek and nose, causing a nosebleed.

Appellant was charged with battery on a peace officer and pleaded not guilty. On June 20, 2019, defense counsel declared a doubt as to appellant's competency. Following an evaluation, the court declared appellant incompetent to stand trial and ordered her placed under a mental health civil commitment for a maximum period of two years.

---

[2] Because appellant pleading guilty prior to a preliminary hearing, the relevant facts are derived from the probation report.

### *Destroying Jail Property and Vandalism*
### *(Case Number 2019022590)*

On July 26, 2019, appellant was placed in a visitor's room while in custody in the Ventura County jail. She repeatedly hit the protective glass with the phone handset. The protective glass was severely cracked and the phone handset was dented and broken into several pieces. Appellant was handcuffed, but managed to remove the handcuffs and broke them in the process. Appellant's actions caused a total of $3,145.25 in damage.

### *Disposition/Sentencing*

On July 9, 2020, appellant was found competent to stand trial in both cases. At a July 16, 2020 joint disposition hearing held before Judge David Hirsch, appellant pleaded guilty to the battery charged in case number 2019017863, and to destroying jail property and vandalism in case number 2019022590.

The August 7, 2020 sentencing hearing was held before Judge Anthony Sabo. At the outset of the hearing, appellant waived her right to be sentenced by Judge Hirsch pursuant to *People v. Arbuckle* (1978) 22 Cal.3d 749. The prosecution subsequently indicated it was requesting $3,145.25 in victim restitution based on the damage appellant caused to the Sheriff Department's property.

In case number 2019022590, the court sentenced appellant to 16 months in county jail on count 1 (destroying jail property), reduced count 2 (vandalism) to a misdemeanor and imposed a 90-day jail term, and granted appellant full credit for time served. In case number 2019017863, the court reduced the battery offense to a misdemeanor and placed appellant on probation with terms and conditions including that she pay $3,145.25 in victim restitution.

Defense counsel stated "[t]he restitution amount, I thought that the Court had previously imposed on the felony matter [in case number 2019022590], that would become a civil judgment" and added "I think that's how it should remain, frankly." The court responded that it had not imposed a restitution order in case number 2019022590 and expressed concern that such an order would have "no teeth behind it." The judge told defense counsel "I wasn't involved in negotiating this. . . . So if there are deals falling through, I'll put it over until Tuesday." Defense counsel replied: "If I have an issue regarding restitution and that's our holdup, I'm going to ask the Court to proceed. And if I need to go back to Judge Hirsch and ask him to do something different that can be repaired, I'll be sure to do that."

The court responded: "I'm not going to proceed if this is going to be a situation that is going to be put on calendar for a different judge to say, You can't do that." Defense counsel replied: "I understand, your Honor. Given the situation, given the fact that I'm asking that [appellant's] sentencing proceed and that the Court is taking its time in ensuring that it is proceeding so that she can get out today. I'm going to just ask the Court to proceed. I understand what you're saying. I understand the logistics behind it in that the County is owed its restitution. I do understand that." The court then reconfirmed that appellant was ordered to pay $3,145.25 in restitution as a condition of her probation in case number 2019017863.

## DISCUSSION

Appellant contends the trial court erred in ordering her to pay $3,145.25 in victim restitution as a condition of her probation in case number 2019017863 because it is based on the conduct giving rise to her convictions in case number 2019022590.

4

We agree with the People that this claim is barred by the doctrines of waiver, forfeiture, and invited error. Although defense counsel initially objected to the imposition of restitution as a condition of appellant's probation in the instant matter, she subsequently withdrew that objection and expressly invited the court to proceed. Appellant thus waived or forfeited her claim that the condition must be stricken. (See *People v. Jones* (2003) 29 Cal.4th 1229, 1256; *People v. Robertson* (1989) 48 Cal.3d 18, 44.)

Counsel also stated that he understood the court's position and that he wanted the court to proceed with sentencing rather than continue the matter as proposed by the court. Because it is clear that counsel's decision to withdraw his objection to the condition was a tactical one, the doctrine of invited error applies. (*People v. Coffman and Marlow* (2004) 34 Cal.4th 1, 49.)

In any event, the court did not err in ordering appellant to pay the restitution as a condition of her probation. Trial courts exercise broad discretion in imposing conditions of probation. (*People v. Moran* (2016) 1 Cal.5th 398, 403.) A court does not abuse its discretion in this regard unless "the condition is 'arbitrary or capricious' or otherwise exceeds the bounds of reason under the circumstances." (*People v. Olguin* (2008) 45 Cal.4th 375, 384.)

"[A] condition of probation which requires or forbids conduct which is not itself criminal is valid if that conduct is reasonably related to the crime of which the defendant was convicted or to future criminality." (*People v. Lent* (1975) 15 Cal.3d 481, 486 (*Lent*).) "A condition of probation will not be held invalid unless it '(1) has no relationship to the crime of which the offender was convicted, (2) relates to conduct which is not in itself

5

criminal, and (3) requires or forbids conduct which is not reasonably related to future criminality.' [Citation.]" (*Ibid.*) This test "is conjunctive — all three prongs must be satisfied before a reviewing court will invalidate a probation term." (*People v. Olguin, supra*, 45 Cal.4th at p. 379.)

In *Lent*, our Supreme Court recognized that restitution "has generally been deemed a deterrent to future criminality" and that a court imposing restitution as a condition of probation "is not limited to the transactions or amounts of which defendant is actually convicted." (*Lent, supra*, 15 Cal.3d at p. 486.) Moreover, "'California courts have long interpreted the trial court's discretion to encompass the ordering of restitution as a condition of probation even when the loss was not necessarily caused by the criminal conduct underlying the conviction.'" (*People v. Anderson* (2010) 50 Cal.4th 19, 27.) Because appellant's payment of restitution for damage indisputably caused by her criminal conduct is reasonably related to her future criminality, the court did not abuse its discretion in ordering her to pay such restitution as a condition of her probation.

## DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED.


PERREN, J.

We concur:


YEGAN, Acting P. J.        TANGEMAN, J.

6

Anthony Sabo, Judge
Superior Court County of Ventura

_____


 Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

 Rob Bonta, Attorney General, Matthew Rodriguez, Acting Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Michael R. Johnson, Supervising Deputy Attorney General, and Peggy Z. Huang, Deputy Attorney General, for Plaintiff and Respondent.