Filed 2/16/22  In re Rodney S. CA1/4

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| In re RODNEY S., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>RODNEY S.,<br><br>        Defendant and Appellant. | A160379<br><br>(Solano County<br>Super. Ct. No. J43803-002) |

Rodney S. appeals from a dispositional order that included an electronic search condition of probation and required him to complete a Challenge Academy program. Rodney contends the electronic search condition is both unreasonable and unconstitutional (*People v. Lent* (1975) 15 Cal.3d 481). He further argues that the court's Challenge Academy early release authorization was an unlawful delegation of judicial authority.

We determine the appeal is moot: Rodney has completed the Challenge Academy program, and the related probationary grant was terminated,

1

including the condition he now challenges on appeal.[1] We therefore dismiss the appeal.

## BACKGROUND

On April 2, 2020, the Solano County District Attorney filed a wardship petition (Welf. & Inst. Code, § 602, subd. (a)), alleging that then 17-year-old Rodney possessed a concealed firearm in a vehicle (Pen. Code, § 25400, subd. (a)(1); count 1), committed the felony of carrying a loaded, prohibited firearm (Pen. Code, § 25850, subd. (a); count 2), and possessed a large-capacity magazine (Pen. Code, § 32310, count 3).[2]

On April 10, 2020, Rodney admitted carrying the loaded firearm (count 2); the remaining counts were dismissed.

At the May 18, 2020, disposition hearing, the court committed Rodney to the care, custody, and control of probation, to be placed at the Challenge Academy. Because Rodney had completed the full nine-month Challenge Academy program before, the court allowed probation to "modify the program to fit him," which could include completion in fewer than the standard nine months. At a follow-up hearing on June 10, 2020, the court clarified its intent to include the warrantless search of electronic devices in the terms of probation ordered on May 18.

On June 25, 2020, Rodney filed a notice of appeal. Rodney completed the Challenge Academy program on October 24, 2020—a fact not raised by either party in appellate briefing but evidenced by the record in Rodney's

---

[1] According to the appellate court case management system records, Rodney has a subsequent appeal pending before this court regarding a different offense. We take judicial notice of the record in *People v. R.S.* (A163793, app. pending). (Evid. Code, §§ 452, subd. (d), 459.)

[2] Because the evidence of the underlying offenses is not relevant to the issues raised on appeal, we do not discuss it here.

separate appeal in *People v. R.S.*, *supra*, A163793.) Similarly absent is the fact that Rodney's probation was terminated (unsatisfactorily) on February 24, 2021. Although Rodney has been placed on a new grant of probation, it does not include the same electronic search and seizure order at issue in this appeal. [3]

## DISCUSSION

Rodney's claims on appeal were rendered moot by his completion of the Challenge Academy program and by his termination from the probationary grant at issue. (See *People v. Moran* (2016) 1 Cal.5th 398, 408, fn. 8 [petition for review of appellate opinion invalidating a probation condition rendered moot, where defendant's probation terminated, he served the balance of his sentence in local custody and he was released from jail].)

While we recognize our discretion to consider moot issues that are likely to recur, yet evade review (see *People v. Moran, supra,* 1 Cal.5th at p. 408, fn. 8), we decline to exercise this discretion here. Instead, we rely on the general principle that " '[a]n action that involves only abstract or academic questions of law cannot be maintained. [Citation.] And an action that originally was based on a justiciable controversy cannot be maintained on appeal if all the questions have become moot by subsequent acts or events. A reversal in such a case would be without practical effect, and the appeal will therefore be dismissed.' " (*People v. Herrera* (2006) 136 Cal.App.4th 1191,

---

[3] Rodney S.'s appeal in *People v. R.S.*, *supra*, A163793, challenges a probation condition that prohibits him "from being present in any building or vehicle that he/she knows contains a firearm, ammunition, or other dangerous or deadly weapons." The electronic search condition that is challenged in the instant appeal was not imposed in the subsequent October 5, 2021 grant of probation.

1198; see *People v. DeLeon* (2017) 3 Cal.5th 640, 645 [if no effectual relief can be granted, an appeal will be dismissed as moot].)

Because the juvenile court records provided by Rodney in connection with a subsequent appeal (*People v. R.S.*, *supra*, A163793) reflect that he has completed the Challenge Academy program and his related probation was terminated, we are unable to provide any effectual relief and therefore dismiss the appeal as moot.

## DISPOSITION

The appeal is dismissed as moot.

_____

                                        Desautels, J.*

WE CONCUR:


_____

Streeter, Acting P.J.


_____

Brown, J.


*A160379  People v. Rodney S.*

---

     * Judge of the Alameda County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.