Filed 8/4/16

# IN THE SUPREME COURT OF CALIFORNIA

THE PEOPLE, )
)
      Plaintiff and Respondent, )
)       S215914
      v. )
)    Ct.App. 6  H039330
JEFFREY MICHAEL MORAN, )
)    Santa Clara County
      Defendant and Appellant. )   Super. Ct. No. C1243366
_____)

We granted review in this case to consider the Court of Appeal's ruling that a probation condition prohibiting defendant Moran from entering the premises or adjacent parking lot of any Home Depot store in California violates his constitutional right to travel.  Because we find no such constitutional violation, we reverse the judgment of the Court of Appeal.

## I. FACTS

Defendant Moran entered a Home Depot store in San Jose, placed items valued at $128 in his backpack, and left the store without paying.  Confronted by store security, he admitted the theft and explained that he had hoped to resell the stolen items.  He later pleaded no contest to second degree burglary and having served a prior prison term for vehicle theft (Pen. Code, §§ 459, 667.5, subd. (b)),[1] in exchange for an indicated sentence of probation on conditions including a year

_____

[1]     All further statutory references are to this code.

in jail and, at issue here, the condition that he not "go on the premises, parking lot adjacent or any store of Home Depot in the State of California." He did not object to these conditions.

On appeal, the Court of Appeal found that "[a]lthough . . . there is an obvious nexus between appellant's crime and the probation condition as it relates to the specific Home Depot store from which he took the merchandise, . . . the condition should contain an exception that would allow [him] to be on Home Depot property on legitimate business . . . ." According to the appellate court, because the condition lacked this exception, it was unconstitutionally overbroad. That court also suggested the condition violated defendant's constitutional right to travel, noting that the "right to travel 'is simply elementary in a free society. Freedom of movement is basic in our scheme of values.' " The Court of Appeal struck the challenged probation condition and, as so modified, affirmed the judgment. We granted the People's petition for review.

## II. DISCUSSION

The People argue the state may place a criminal offender on probation, subject to a condition that he or she stay away from the property of the victim, without contravening the constitutionally guaranteed right to travel. Consistent with established law,[2] we first address whether the probation condition was permissible under state law before turning to resolve any potential federal constitutional issue posed in the case.

---

[2]    *Thompson v. Department of Corrections* (2001) 25 Cal.4th 117, 128–129; *Santa Clara County Local Transportation Authority v. Guardino* (1995) 11 Cal.4th 220, 230–231; see also *Lyng v. Northwest Indian Cemetery Prot. Assn.* (1988) 485 U.S. 439, 445 ("A fundamental and longstanding principle of judicial restraint requires that courts avoid reaching constitutional questions in advance of the necessity of deciding them.").

### A. Statutory Basis for the Condition

Following a defendant's conviction of a crime, the sentencing court may choose among a variety of dispositional options. One option is to release the offender on probation. "Probation is generally reserved for convicted criminals whose conditional release into society poses minimal risk to public safety and promotes rehabilitation." (*People v. Carbajal* (1995) 10 Cal.4th 1114, 1120 (*Carbajal*).) A grant of probation is "qualitatively different from such traditional forms of punishment as fines or imprisonment. Probation is neither 'punishment' (see § 15) nor a criminal 'judgment' (see § 1445). Instead, courts deem probation an act of clemency in lieu of punishment [citation], and its primary purpose is rehabilitative in nature [citation]." (*People v. Howard* (1997) 16 Cal.4th 1081, 1092.) Accordingly, we have explained that a grant of probation is an act of grace or clemency, and an offender has no right or privilege to be granted such release. (*People v. Anderson* (2010) 50 Cal.4th 19, 32.) Stated differently, "[p]robation is not a right, but a privilege." (*People v. Bravo* (1987) 43 Cal.3d 600, 608.)

Although the Legislature has directed in some circumstances that probation be unavailable[3] or limited,[4] in most circumstances the trial court has broad discretion to choose probation when sentencing a criminal offender. A reviewing court will defer to such choice absent a manifest abuse of that discretion. (*People*

---

[3] See, e.g., section 667, subdivision (c)(2) (probation is prohibited in Three Strikes cases); section 667.61, subdivision (h) (probation is prohibited in One Strike sex offense cases); section 12022.53, subdivision (g) (probation is prohibited for crimes committed with a firearm within the meaning of the "10-20-life" enhancement).

[4] See section 186.22, subdivision (c) (grant of probation in a case involving a crime or enhancement involving street gangs requires a minimum of 180 days in jail as a condition of probation).

3

*v. Franco* (1986) 181 Cal.App.3d 342, 348; *People v. Goodson* (1978) 80 Cal.App.3d 290, 295.)

When an offender chooses probation, thereby avoiding incarceration, state law authorizes the sentencing court to impose conditions on such release that are "fitting and proper to the end that justice may be done, that amends may be made to society for the breach of the law, for any injury done to any person resulting from that breach, and . . . for the reformation and rehabilitation of the probationer." (§ 1203.1, subd. (j).) Accordingly, we have recognized a sentencing court has "broad discretion to impose conditions to foster rehabilitation and to protect public safety pursuant to Penal Code section 1203.1." (*Carbajal*, *supra*, 10 Cal.4th at p. 1120.) But such discretion is not unlimited: "[A] condition of probation must serve a purpose specified in the statute," and conditions regulating noncriminal conduct must be " 'reasonably related to the crime of which the defendant was convicted or to future criminality.' " (*Id.* at p. 1121.) "If the defendant finds the conditions of probation more onerous than the sentence he would otherwise face, he may refuse probation" (*People v. Anderson*, *supra*, 50 Cal.4th at p. 32) and simply "choose to serve the sentence" (*People v. Olguin* (2008) 45 Cal.4th 375, 379 (*Olguin*)).[5]

---

[5] Irrespective of whether a defendant accepts or declines the terms of probation, he or she may, on appeal following an objection in the trial court, challenge a condition as unreasonable or unconstitutional. Even absent an objection, a defendant may, on appeal, argue a condition is unconstitutional if the claim presents a " ' "pure question[] of law that can be resolved without reference to the particular sentencing record developed in the trial court." ' " (*In re Sheena K.* (2007) 40 Cal.4th 875, 889, quoting *People v. Welch* (1993) 5 Cal.4th 228, 235.) In the usual case, however, probationers are well advised to object at sentencing to conditions they find improper or unjustified, thereby ensuring they have preserved the issue for appeal.

On appeal, "[w]e review conditions of probation for abuse of discretion." (*Olguin*, *supra*, 45 Cal.4th at p. 379.) That is, a reviewing court will disturb the trial court's decision to impose a particular condition of probation only if, under all the circumstances, that choice is arbitrary and capricious and is wholly unreasonable. (*Carbajal*, *supra*, 10 Cal.4th at p. 1121.)

As noted, *ante*, the types of conditions a court may impose on a probationer are not unlimited. We first recognized the limits on probation conditions in the seminal case of *People v. Lent* (1975) 15 Cal.3d 481 (*Lent*).[6] "Generally, '[a] condition of probation will not be held invalid unless it "(1) has no relationship to the crime of which the offender was convicted, (2) relates to conduct which is not in itself criminal, and (3) requires or forbids conduct which is not reasonably related to future criminality . . . ." [Citation.]' [Citation.] This test is conjunctive—all three prongs must be satisfied before a reviewing court will invalidate a probation term. [Citations.] As such, even if a condition of probation has no relationship to the crime of which a defendant was convicted and involves conduct that is not itself criminal, the condition is valid as long as the condition is reasonably related to preventing future criminality." (*Olguin*, *supra*, 45 Cal.4th at pp. 379–380, quoting *Lent*, *supra*, at p. 486.)

Applying this test, we conclude the trial court did not abuse its discretion under state law when it imposed the Home Depot "stay away" condition on defendant's probation. Indeed, the condition fails *Lent*'s first factor for invalidity: Because defendant stole from a Home Depot store, the condition that he stay away from all such stores is reasonably related to his crime. He was not, after all,

---

[6]  *Lent*'s subsidiary holding concerning the use of misdemeanors for impeachment was superseded by Proposition 8 in 1982. (See *People v. Wheeler* (1992) 4 Cal.4th 284, 290–291.)

5

prohibited from entering all retail establishments nor even all home improvement, hardware, or big box stores. The condition simply prevented him from entering the stores (and adjacent parking lots) of the company he victimized. As the test is one of reasonableness and deference to the trial court's exercise of discretion, we find sufficient grounds to uphold the trial court's choice in this regard.

Were more support needed for our conclusion, we observe that the condition also fails *Lent*'s third factor for invalidity, because prohibiting defendant from entering Home Depot stores is reasonably directed at curbing his future criminality by preventing him from returning to the scene of his past transgression and thus helping him avoid any temptation of repeating his socially undesirable behavior. (See § 1203.1, subd. (j)) [probation conditions should be aimed at "the reformation and rehabilitation of the probationer"] *Lent, supra,* 15 Cal.3d at p. 486.) Sentencing courts often condition a grant of probation on the offender's agreement to avoid future contact with his or her victim. (See, e.g., *People v. Armas* (2011) 191 Cal.App.4th 1173, 1176, fn. 2 [defendant ordered to stay away from his victim]; *People v. Hall* (1990) 218 Cal.App.3d 1102, 1104, fn. 2 [defendant ordered to stay 100 yards from victim's residence].) Indeed, such so-called stay-away orders are common in domestic violence cases. (See § 1203.097, subd. (a)(2) [authorizing protective orders that may include stay away conditions].)

Defendant asserts Home Depot has 232 stores in California (including 14 such stores within 20 miles of his home ZIP code) and argues that when considered with those stores' respective parking lots, the stay-away probation condition sweeps much too broadly.[7] But that defendant's crime was confined to

---

[7] As noted, defendant did not object to the condition at the time of sentencing. As a rule, failure to object to a probation condition in the trial court on

*(Footnote continued on next page.)*

a single Home Depot store in San Jose and not the entire chain of stores does not fatally undermine the trial court's exercise of discretion in imposing a more wide-ranging stay-away condition, for conditions of probation aimed at rehabilitating the offender need not be so strictly tied to the offender's precise crime. For example, in *Carbajal*, *supra*, 10 Cal.4th 1114, this court upheld a condition of probation requiring an offender to pay the victim restitution notwithstanding the victim's losses (from damage to his parked car) were not technically caused by defendant's actual crime (felony hit and run). (*Id.* at p. 1124.) And in *People v. Lopez* (1998) 66 Cal.App.4th 615, the Court of Appeal upheld a condition of the defendant's probation that he avoid gang activities, known gang symbols, and persons known to be gang members, even though his crime of unlawfully taking or driving a vehicle had not been shown to have been specifically gang related. The Court of Appeal properly upheld the condition because the defendant was an admitted gang member with tattoos identifying him as allied with the Norteños.

In defendant's case, although the sentencing court could reasonably have limited the geographic reach of the Home Depot stay-away condition, the condition's statewide scope does not render it improper within the meaning of *Lent*, *supra*, 15 Cal.3d 481. Such wide scope recognizes the possibility that defendant specifically targeted Home Depot because of a common feature of the

---

*(Footnote continued from previous page.)*

standard state law or reasonableness grounds forfeits the claim for appeal. (*People v. Welch*, *supra*, 5 Cal.4th at p. 237.) We need not decide whether defendant forfeited his state law based challenge because the Attorney General does not urge forfeiture on this ground. But we observe that had he brought these facts to the attention of the sentencing court, that court would have had the opportunity, if it chose, to tailor the condition of probation by limiting the areas from which defendant was prohibited. (*People v. Jungers* (2005) 127 Cal.App.4th 698, 702.)

7

company's stores, such as their layout, the difficulty in monitoring such a large facility, the easy access to multiple exits, companywide security methods or practices, or some other factor that influenced defendant to choose Home Depot as his victim rather than some other retail establishment.

We thus conclude the probation condition prohibiting defendant from entering the premises or adjacent parking lot of any Home Depot store in California is reasonably related both to his crime and to helping him avoid future criminality. Having found the trial court did not abuse its broad discretion under state law by imposing such a condition on defendant's probation, we turn to whether that condition violates defendant's constitutional rights.

### B. Constitutional Issues

Defendant contends the condition of his probation that he stay away from all Home Depot stores and adjacent parking lots violates his constitutional right to travel. Although not explicitly guaranteed in the United States Constitution, "[t]he right to travel, or right of migration, now is seen as an aspect of personal liberty which, when united with the right to travel, requires 'that all citizens be free to travel throughout the length and breadth of our land uninhibited by statutes, rules, or regulations which unreasonably burden or restrict this movement.' " (*Tobe v. City of Santa Ana* (1995) 9 Cal.4th 1069, 1098, quoting *Shapiro v. Thompson* (1969) 394 U.S. 618, 629.) This right also includes the right of intrastate travel, which "has been recognized as a basic human right protected by article I, sections 7 and 24 of the California Constitution." (*Tobe*, *supra*, at p. 1100.) Like all constitutional rights, the right to travel is subject to limits: "Neither the United States Supreme Court nor this court has ever held . . . that the incidental impact on travel of a law having a purpose other than restriction of the right to travel, and

which does not discriminate among classes of persons by penalizing the exercise by some of the right to travel, is constitutionally impermissible." (*Ibid.*)

Imposing a limitation on probationers' movements as a condition of probation is common, as probation officers' awareness of probationers' whereabouts facilitates supervision and rehabilitation and helps ensure probationers are complying with the terms of their conditional release. (See, e.g., *Hayes v. Superior Court* (1971) 6 Cal.3d 216, 220 [probation condition prohibited defendant from leaving the state without permission]; *People v. Vogel* (1956) 46 Cal.2d 798, 806 (dis. opn. of Shenk, J.) [same]; *People v. Cruz* (2011) 197 Cal.App.4th 1306, 1309 [probation condition prohibited defendant from leaving the county or state without permission].)

Although criminal offenders placed on probation retain their constitutional right to travel, reasonable and incidental restrictions on their movement are permissible. *People v. Petty* (2013) 213 Cal.App.4th 1410 (*Petty*) is illustrative. In that case, the defendant attended a party given by an acquaintance and, once inside the home, stole jewelry worth $9,500 from the bedroom of his host's parents. After the defendant pleaded guilty to felony grand theft (§ 487, subd. (a)), the trial court imposed a condition of probation "requiring defendant to stay at least 50 yards from the victim's residence and 100 yards from the victim and her daughter." (*Petty*, *supra*, at p. 1413.) On appeal, the appellate court rejected the defendant's argument the stay-away condition violated his constitutional right to intrastate travel. (*Id*. at p. 1421.) After surveying past cases, the court explained the condition occasioned "no substantial interference" with Petty's constitutional rights because "[t]he intrusion on [his right to] travel is minimal by comparison and the forbidden zone is specifically linked to his past crime." (*Id.* at p. 1422.)

Other courts have rejected right-to-travel challenges to probation conditions involving far more extensive geographic restrictions than in *Petty*. For example,

9

in *In re Antonio R.* (2000) 78 Cal.App.4th 937, a juvenile offender whose legal residence was in Orange County was granted probation on conditions including that he not travel to Los Angeles County unless accompanied by a parent or with his probation officer's permission. On appeal, he challenged the condition on grounds it violated his constitutional right to travel. (*Id*. at p. 940.) The appellate court rejected the argument. The court explained that although "Los Angeles is a large place" (*id.* at p. 942), the extensive geographic restriction was reasonably related to the crime, as defendant was a member of a gang located in Los Angeles County and had previously committed several gang-related offenses there (*id.* at pp. 941–942). Accordingly, his constitutional rights were not "*impermissibly* burdened," because the stay-away order was "consistent with the rehabilitative purpose of probation." (*Id.* at p. 942.)

Seeking to distinguish these decisions, defendant attempts to demonstrate the Home Depot stay-away condition is an unreasonable, or unconstitutionally overbroad, restriction on his right to travel. The effort fails, as the condition simply does not implicate his constitutional travel right. Indeed, one struggles to perceive how the condition curtails his right to free movement in any meaningful way. Although defendant argues he is prohibited "from entering large areas of the state" and from "shopping or working in any store that shares a parking lot with a Home Depot," that surely is an exaggeration. He remains free to drive on any public freeway, street or road, use public transportation, work (except in Home Depot stores), shop, visit the doctor's office, attend school, enjoy parks, libraries, museums, restaurants, bars, clubs, and movie theaters. He may—without violating the challenged condition—freely move about his community, the city, and the State of California. In short, the restriction on his movement imposed by the probation condition is too de minimis to implicate the constitutional travel right.

10

Nor does the directive that defendant stay out of any parking lot "adjacent to" any Home Depot store change the analysis. Although that part of the condition in theory adds to the area covered by the restriction on defendant's movement, it remains a question of scale, and even considering the area the parking lot condition adds to the movement restriction, the overall limitation remains so minimal that the Home Depot stay-away condition does not implicate the concerns that underlie the constitutional right to travel.

We thus agree with the People the condition here is constitutionally permissible and not an infringement on defendant's constitutional right to travel. This conclusion makes it unnecessary to decide whether such a constitutional claim requires a heightened level of scrutiny. As we explained in *Olguin*, *supra*, 45 Cal.4th 375, "in the absence of a showing that the probation condition *infringes upon a constitutional right*," "this court simply reviews such a condition for abuse of discretion, that is, for an indication that the condition is 'arbitrary or capricious' or otherwise exceeds the bounds of reason under the circumstances." (*Id.* at p. 384, italics added.) As previously indicated, the trial court here acted well within its discretion in barring defendant from entering any Home Depot stores or their adjacent parking lots as a condition of his probation.

CONCLUSION

We conclude the condition of defendant's probation that he stay out of all Home Depot stores and their adjacent parking lots is reasonably related to his crime and to preventing future criminality, rendering it permissible under state law.  (§ 1203.1, subd. (j); *Lent*, *supra*, 15 Cal.3d at p. 486.)  We further conclude that, given the minimal restriction the condition places on defendant's movement, the condition does not implicate his right to travel and is thus constitutionally permissible.  Accordingly, we reverse the judgment of the Court of Appeal and remand the case for further proceedings consistent with this opinion.[8]

**WERDEGAR, J.**


**WE CONCUR:**

**CANTIL-SAKAUYE, C. J.**
**CHIN, J.**
**CORRIGAN, J.**
**LIU, J.**
**CUÉLLAR, J.**
**KRUGER, J.**

---

[8]     Shortly before we held oral argument in this case, the Attorney General informed us that defendant Moran's probation was terminated on July 18, 2013, and that he served the balance of his sentence in local custody and was released from jail on May 18, 2014.  Although the question of the validity of the probation condition that he not enter any Home Depot store or adjacent parking lot is moot, "we have exercised our inherent power to retain this case for argument and opinion, to settle an interpretive issue that has troubled the lower courts . . . ." (*People v. Anzalone* (1999) 19 Cal.4th 1074, 1076.)

*See next page for addresses and telephone numbers for counsel who argued in Supreme Court.*

**Name of Opinion** People v. Moran
_____

**Unpublished Opinion** XXX NP opn. filed 12/16/13, 6th Dist.
**Original Appeal**
**Original Proceeding**
**Review Granted**
**Rehearing Granted**

_____

**Opinion No.** S215914
**Date Filed:** August 4, 2016
_____

**Court:** Superior
**County:** Santa Clara
**Judge:** Ron M. Del Pozzo

_____

**Counsel:**

Joshua H. Schraer, under appointment by the Supreme Court, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Gerald A. Engler, Assistant Attorney General, Laurence K. Sullivan, Jeffrey M. Laurence, Alisha M. Carlile and Leif M. Dautch, Deputy Attorneys General, for Plaintiff and Respondent.

**Counsel who argued in Supreme Court (not intended for publication with opinion):**

Joshua H. Schraer
5173 Waring Road, #247
San Diego, CA  92120
(619) 206-2892

Alisha M. Carlile
Deputy Attorney General
455 Golden Gate Avenue, Suite 11000
San Francisco, CA  94102-7004
(415) 703-5205