Filed 10/26/20  P. v. Hahn CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>MITCHELL LEE HAHN,<br><br>    Defendant and Appellant. | 2d Crim. No. B301029<br>(Super. Ct. No. 2018002357)<br>(Ventura County) |

A jury found Mitchell Lee Hahn guilty of battery with serious bodily injury (Pen. Code,[1] § 243, subd. (d)) and that he personally inflicted great bodily injury (§§ 667, 1192.7).  The trial court found that probation was "presumptively inappropriate" and sentenced Hahn to three years in state prison.

We reverse and remand to clarify sentencing.  In all other respects, we affirm.

---

[1] All statutory references are to the Penal Code unless otherwise indicated.

## FACTS

On January 14, 2018, Alan Pancratz was skateboarding with his sons on a normally quiet street in his Oxnard neighborhood. Hahn was driving fast down the street with his friend, Shannon Christensen, in the car. Pancratz told his son, Keegan, then 14 years old, to watch out because he was in front of Hahn's car. Hahn stopped abruptly, about two feet from Keegan. Keegan was startled and fell to the ground.

Hahn got out of the car, threatening and yelling at Keegan. Hahn threw his sunglasses at him. Pancratz quickly walked up to Hahn, yelling at him to slow down. The two men were yelling at each other. Pancratz kicked Hahn's car. A neighbor who saw the incident described Hahn as "puffed up" and "aggressive." Pancratz was standing his ground, but did not take a fighting stance. Christensen got out of the car and stood between the two men. She urged Hahn to get back into the car. Eventually, Christiansen returned to the car and sat in the driver's seat.

It appeared that Hahn and Christensen were leaving. Pancratz was no longer yelling. He turned to walk away when Hahn hit him very hard in the throat. At the time, Pancratz was not threatening Hahn or Christensen in any way. Pancratz's hands were at his side. He fell to the ground unconscious. Hahn, appearing angry, spat on Pancratz. Hahn got into the passenger seat of his car, and Christiansen drove them away. A neighbor captured the incident on her cell phone.

Pancratz's injuries were life-threatening. He spent six days in the hospital. He was placed in a medically induced coma and intubated. He continues to suffer from short-term memory loss.

*Defense*

Christensen testified that she and Hahn had dated for six years.  On the day in question, they met some friends and each had two beers.  On the way home, Hahn stopped suddenly to avoid hitting a boy on a skateboard.

Pancratz came up to their car yelling and cursing.  Christensen and Hahn got out of the car.  Pancratz continued to yell and curse.  Christensen got between the two men who were yelling at each other.  She was trying to get Hahn to return to the car.  Pancratz shoved her out of the way.  He punched Hahn in the chest and kicked Hahn's car.  Christensen and Hahn returned to their car and drove away.

Hahn testified on his own behalf.  He said he was driving down the street when he had to stop suddenly to avoid a boy on a skateboard.  He got out of the car to see if the boy was all right.  He did not yell at the boy.  Pancratz came up to him cursing.  Pancratz lifted a skateboard.  Hahn tore the skateboard out of his hands and kicked it away.  Christensen got between Hahn and Pancratz.  Pancratz pushed her aside and hit Hahn in the chest with his fist.  He kicked Hahn's car.  Someone yelled, "Call the cops."  Hahn said, "[Y]ou're the one that assaulted me."  Pancratz replied, "Do you have any witnesses?"  Hahn backed away as Pancratz kept moving forward.  Hahn hit Pancratz because he kept getting closer.  Hahn wanted to remove the threat and get back to his car.  He was afraid Pancratz would use more violence against him.  He spit on Pancratz because he was mad at the time.

DISCUSSION

I.

*Eligibility for Probation*

Hahn contends the trial court erred in concluding he was not eligible for probation except in the interest of justice.

Section 1203, subdivision (e)(3) provides: "(e) Except in unusual cases in which the interests of justice would best be served if the person is granted probation, probation shall not be granted to any of the following persons: [¶] . . . [¶] (3) Any person who willfully inflicted great bodily injury or torture in the perpetration of the crime of which that person has been convicted."

The word "willfully" as used in section 1203, subdivision (e)(3) "requires the defendant's intent to cause great bodily injury . . . , not merely that the crime resulted in great bodily injury . . . ." (*People v. Lewis* (2004) 120 Cal.App.4th 837, 853.) The section contains no requirement that ineligibility for probation be pleaded or decided by the jury. (*Id.* at p. 854.) The trial court may make the determination at sentencing. (*Ibid.*)

Here at sentencing the trial court stated: "I don't think it was premeditated. I don't [think] Mr. Hahn intended the result of what happened. It's just one of those unfortunate things that happened that should have never happened."

The trial court's comments show it did not find the great bodily injury to be willful within the meaning of section 1203, subdivision (e)(3).

The People argue the trial court did not find that Hahn was presumptively ineligible for probation. Instead, the court found that probation would be "presumptively inappropriate." But the probation report informs the court that "[p]er [section] 1203(e)(3)

4

. . . , the defendant is presumptively ineligible for probation unless he meets [the interest of justice]." The court's reference to a presumption leads us to conclude it was referring to section 1203, subdivision (e)(3). On the other hand, it may have been well aware of its sentencing options. To resolve this ambiguity, we remand for sentencing. Nothing in this opinion should be read as indicating how the trial court should rule.

## II.

### *Probation Discretion*

Hahn contends the trial court abused its discretion in refusing to place him on probation.

We discuss this issue not to indicate how the trial court should rule at resentencing, but merely to show that neither the reimposition of the prison term nor the grant of probation would be an abuse of discretion.

" 'Probation is generally reserved for convicted criminals whose conditional release into society poses a minimal risk to public safety and promotes rehabilitation.' " (*People v. Moran* (2016) 1 Cal.5th 398, 402.) " '[P]robation is not a right, but a privilege.' " (*Ibid*.) We review the grant or denial of probation for an abuse of discretion. (*Ibid*.)

The criteria for the trial court to consider in granting or denying probation is found in California Rules of Court, rule 4.414.[2] Included in facts relating to the crime are: the nature, seriousness, and circumstances of the crime as compared with other instances of the same crime (rule 4.414(a)(1)); the vulnerability of the victim (rule 4.414(a)(3)); whether the defendant inflicted physical or emotional injury (rule 4.414(a)(4)); and whether the defendant was an active or passive participant

---

[2]All rules references are to the California Rules of Court.

5

(rule 4.414(a)(6)).  Facts relating to the defendant include prior record of criminal conduct (rule 4.414(b)(1)).

Here, although great bodily injury is an element of the offense, the injury was particularly egregious.  Pancratz spent six days in the hospital.  He was in a medically induced coma and on a ventilator.  Hahn is lucky he does not stand guilty of manslaughter or murder.  Moreover, instead of being horrified at what he did, Hahn spat on the unconscious Pancratz and left without concern for Pancratz's condition.

Pancratz was vulnerable.  Hahn is 32 years old and muscular.  Pancratz is in his middle 50's.  He was looking away at the time Hahn hit him.  Pancratz had no ability to defend himself from the blow.

Hahn physically and emotionally injured Pancratz.  In addition, Pancratz's children were present.  They were also emotionally injured.

Hahn was actively involved.  He personally hit Pancratz.  Finally, Hahn has a prior conviction for disorderly conduct involving fighting.  The trial court found, "[T]he pattern is getting worse."

Other factors might favor probation.  Principally, Hahn did not intend the serious harm he inflicted on Pancratz.  We leave it to the trial court to weigh the factors for and against probation.

### III.

### *Self-defense*

Hahn contends the prosecution failed to prove that he did not act in self-defense.

To justify an act as done in self-defense, the defendant must have a subjective and objectively reasonable belief that bodily injury is about to be inflicted upon him.  (*People v. Brady*

6

(2018) 22 Cal.App.5th 1008, 1014.) Objectively reasonable means that the act of self-defense must appear necessary to a reasonable person under similar circumstances. (*Ibid*.) The threat of bodily injury must be imminent, and the amount of force used in response must be reasonable under the circumstances. (*Ibid*.)

We view the evidence under the substantial evidence rule. In reviewing the sufficiency of the evidence, we view the evidence in a light most favorable to the judgment. (*People v. Johnson* (1980) 26 Cal.3d 557, 578.) We discard evidence that does not support the judgment as having been rejected by the trier of fact for lack of sufficient verity. (*People v. Ryan* (1999) 76 Cal.App.4th 1304, 1316.) We have no power on appeal to reweigh the evidence or judge the credibility of witnesses. (*People v. Stewart* (2000) 77 Cal.App.4th 785, 790.) We must affirm if we determine that any rational trier of fact could find the elements of the crime beyond a reasonable doubt. (*Johnson*, at p. 578.)

Witnesses testified that at the time Hahn hit Pancratz, Pancratz had his hands at his side and was turning away. That alone is sufficient evidence that Hahn did not act in self-defense. Witnesses also described Hahn as the aggressor. In addition, Hahn spit on Pancratz when Pancratz was lying unconscious on the ground, showing Hahn was acting out of aggression and not in self-defense. Hahn testified he heard someone say "[c]all the cops" prior to punching Pancratz. Hahn drove away from the scene without waiting for the police, showing a consciousness of guilt. The jury was properly instructed on self-defense. A reasonable juror could determine from the evidence that Hahn did not act in self-defense.

DISPOSITION

The matter is reversed and remanded for resentencing.  In all other respects, we affirm.

NOT TO BE PUBLISHED.


GILBERT, P. J.


We concur:


PERREN, J.


TANGEMAN, J.

Rocky J. Baio, Judge

Superior Court County of Ventura

_____

Jolene Larimore, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Scott A. Taryle and David A. Voet, Deputy Attorneys General, for Plaintiff and Respondent.