Filed 7/5/22 P. v. Arriaga CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E077258 |
| v. | (Super.Ct.No. INF1800368) |
| ADRIAN ARRIAGA, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County. James S. Hawkins, Judge. (Retired Judge of the Riverside Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.) Dismissed as moot.

Rex Adam Williams, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Daniel B. Rogers, Acting Assistant Attorney General, Eric A. Swenson and Junichi P. Semitsu, Deputy Attorneys General, for Plaintiff and Respondent.

This appeal is from the denial of a motion to modify probation and deem probation terminated by operation of law. Because the appellant's probation term has expired, we dismiss the appeal as moot.

BACKGROUND

On April 19, 2019, pursuant to a negotiated plea agreement, Adrian Arriaga pleaded guilty to one felony count of assault by force likely to produce great bodily injury (Pen. Code, § 245, subd. (a)(4)) in exchange for a grant of probation. (Unlabeled statutory references are to the Penal Code.) The trial court suspended imposition of sentence and placed Arriaga on formal probation for 36 months with various terms and conditions, including a custody term of 210 days in county jail, which Arriaga was permitted to complete on a work release program. (See § 4024.2.)

Effective January 1, 2021, Assembly Bill No. 1950 (2019-2020 Reg. Sess.) (Stats. 2020, ch. 328, § 2) (Assembly Bill 1950) amended section 1203.1 so that the maximum period of probation for most felonies shall not exceed two years. (§ 1203.1, subds. (a), (*l*).) On May 3, 2021, the Riverside County Probation Department filed a motion for probation modification to change Arriaga's probation expiration date from April 18, 2022, to April 18, 2021, and to deem probation terminated by operation of law. The court denied the motion, and Arriaga appealed. In their briefs on appeal, the parties agreed that Assembly Bill 1950 applies retroactively, but disagreed as to the proper remedy, with Arriaga asking that we modify the judgment to reflect the term of probation reduced to two years and the People asking that we remand to allow the prosecution and

2

the superior court the opportunity to withdraw from the negotiated plea agreement as in *People v. Stamps* (2020) 9 Cal.5th 685.

After Arriaga's original grant of 36 months of probation expired on April 18, 2022, and the record had not been augmented with any "order affecting the sentence or probation" issued by the trial court after the record had been certified (Cal. Rules of Court, rule 8.340(a)), we ordered supplemental briefing addressing whether this appeal should be dismissed as moot.

## DISCUSSION

"An appeal should be dismissed as moot when the occurrence of events renders it impossible for the appellate court to grant appellant any effective relief. [Citation.]" (*Cucamongans United for Reasonable Expansion v. City of Rancho Cucamonga* (2000) 82 Cal.App.4th 473, 479.) As the only issues on appeal are the duration of Arriaga's term of probation in light of Assembly Bill 1950 and the appropriate remedy where probation was granted pursuant to a negotiated plea agreement, the parties agree that the termination of Arriaga's probation renders this appeal moot. (See *People v. Moran* (2016) 1 Cal.5th 398, 408, fn. 8; *People v. Carbajal* (1995) 10 Cal.4th 1114, 1120, fn. 5.)

We acknowledge our discretion to decide a claim that has been rendered moot if it is of continuing public interest, is likely to recur, and might otherwise evade review. (See *People v. DeLeon* (2017) 3 Cal.5th 640, 646; *People v. Schaffer* (2020) 53 Cal.App.5th 500, 507.) We decline to exercise such discretion here as the issues presented by this appeal have been addressed by a number of appellate court decisions (see *People v.*

3

*Flores* (2022) 77 Cal.App.5th 420, 431-432, petn. for review granted June 22, 2022, S274561, & cases cited therein) and are currently pending before the Supreme Court (*People v. Prudholme* (Aug. 26, 2021, E076007) [nonpub. opn.], petn. for review granted, Nov. 10, 2021, S271057).

## DISPOSITION

The appeal is dismissed as moot.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MENETREZ_____

J.

We concur:


McKINSTER_____
      Acting P. J.


RAPHAEL_____
        J.