Filed 11/16/22  P. v. Saldana CA1/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br><br>v.<br><br>FERNANDO SALDANA,<br><br>　　　Defendant and Appellant. | A164812<br><br>(Solano County<br>Superior Court No. FCR353418) |

After Fernando Saldana pleaded no contest to felony domestic assault and misdemeanor child endangerment, he was placed on probation subject to a number of terms, including a warrantless search and seizure condition. The probation department did not recommend an electronics search condition, nor did the trial court impose it at the time of sentencing. Nonetheless, on appeal, Saldana argues that the search and seizure condition is improper because it neither includes nor excludes electronic devices.  He asks this court to modify his order of probation by "excluding his electronic devices from warrantless search or seizure" or to remand the matter for reconsideration.  The Attorney General takes the position that this issue is moot, because the court never included Saldana's electronic devices in the search condition in the first place.  Saldana has not filed a reply brief.

1

Because we conclude that the trial court did not impose an electronics search condition and there is no showing of anything improper in the order of probation, we will affirm the order.

## FACTUAL AND PROCEDURAL BACKGROUND

We draw our very brief description of the facts from the probation department's summary of a City of Vacaville police report. Shortly before 6:00 p.m. on July 9, 2020 a police officer responded to a report of a family altercation. The officer found C.G., Saldana's wife of six years. She reported that she and Saldana had two children, then ages 5 and 3, and that she had a 10-year-old child from a previous relationship. C.G. described her marriage to Saldana as difficult, and said Saldana was on "one of his rampages." C.G. also disclosed previously unreported incidents of domestic violence and child abuse, including an incident on December 30, 2019 that she had documented with time-stamped photographs after the incident.

C.G. reported that what began on December 30, 2019 as a verbal altercation between her and Saldana escalated after Saldana threw food at her. When she told him to clean it up, Saldana grabbed her by the throat and dragged her six to 10 feet, lifted her off the ground by the throat, and held her against the wall. C.G. described being strangled, having difficulty breathing, and becoming dizzy and faint. C.G. told the officer that Saldana would have continued but one of their children intervened and kicked Saldana "in the balls." She said that this made Saldana upset, so he lowered her and tossed her onto the floor; she landed on her back and her head hit the floor. Both of their children were present and witnessed the domestic violence; they were screaming and crying. One of the children tried to intervene with Saldana to be nice to C.G., but the child returned to C.G.

2

crying and appeared to have scratches above his left ear that he attributed to Saldana.

The police officer reviewed the photographs taken after the December 30, 2019 incident and saw redness on C.G.'s throat and scratches on one of the children.

Saldana was charged by complaint with inflicting corporal injury upon C.G. resulting in a traumatic condition (Pen. Code[1], § 273.5, subd. (a)—counts 1 and 4); assault likely to produce great bodily injury upon C.G. (§ 245, subd. (a)(4)—count 2); and child endangerment (§ 273a, subd. (b)—count 3). All but count 3 were felonies.

As part of a negotiated disposition, Saldana pleaded no contest to counts 1 and 3 (both based on the December 30, 2019 incident), and the remaining counts were dismissed.

In advance of sentencing Saldana submitted proof that he had relinquished ownership and possession of 15 firearms, as required by section 29810.

On March 11, 2022, the trial court suspended imposition of sentence and granted Saldana probation for three years, with terms and conditions including that he complete a 52-week domestic batterer's treatment program and a child abuse counseling program. As a condition of probation, the trial court also imposed a standard warrantless search and seizure condition, with terms identical to those recommended in the probation office presentence report.

---

[1] All statutory references are to the Penal Code.

At the sentencing hearing, Saldana's counsel acknowledged that his client owned firearms, which he had relinquished,[2] but asked that the search condition not be imposed because there was no evidence Saldana had used the firearms "in the nature of these offenses" and without a "nexus, that term of probation would be inappropriate." The trial court stated that there was a "nexus" and that there was "sufficient information in the record to support the order." No mention was made by the court or Saldana's counsel of an electronics search condition, nor is there any indication in the record it was imposed. To the contrary: In the probation office presentence report, which the trial court had read and considered before sentencing, the probation officer recommended a standard warrantless search condition, and did *not* check the applicable box that would have recommended that such term "includes search and seizure of any electronic devices [defendant] owns/possesses/has access to, and provide passwords."

This appeal followed.

## DISCUSSION

When a defendant accepts probation rather than incarceration, the sentencing court is accorded authority under state law to impose conditions of probation that are "fitting and proper . . . for the reformation and rehabilitation of the probationer." (§ 1203.1, subd. (j).) To that end, our Supreme Court has recognized that the sentencing court has " 'broad discretion to impose conditions to foster rehabilitation and to protect public

---

[2] As a person who had been convicted of a felony (§ 273.5), Saldana was prohibited by section 29800 from owning, purchasing, receiving or possessing a firearm, and was required to relinquish firearms and any ammunition in the manner required under section 29810, subdivision (a)(1).

safety pursuant to Penal Code section 1203.1.' " (*People v. Moran* (2016) 1 Cal.5th 398, 402-403) (*Moran*).)

The trial court's authority is broad, but not unfettered.  In *People v. Lent* (1975) 15 Cal.3d 481 (*Lent*), our Supreme Court stated the criteria for assessing the validity of a probation condition:  Upon review, "[a] condition of probation will not be held invalid unless it '(1) has no relationship to the crime of which the offender was convicted, (2) relates to conduct which is not in itself criminal, and (3) requires or forbids conduct which is not reasonably related to future criminality[.]' " (*Id.* at p. 486.)  "Conversely, a condition of probation which requires or forbids conduct which is not itself criminal is valid if that conduct is reasonably related to the crime of which the defendant was convicted or to future criminality." (*Ibid.*)

In *Ricardo P.*, our Supreme Court clarified that the requirement that a probation condition be reasonably related to future criminality "contemplates a degree of proportionality between the burden imposed by a probation condition and the legitimate interests served by the condition." (*In re Ricardo P.* (2019) 7 Cal.5th 1113, 1122 (*Ricardo P.*).)

We review a trial court's imposition of a condition of probation for abuse of discretion.  (*Moran, supra,* 1 Cal.5th at p. 403.)

In the introduction to his brief on appeal, appellant states that the trial court "erred in imposing a condition of probation that required appellant's submission to unlimited search and seizure of his person and property, *including his electronic devices*." (Emphasis added.)  But in the conclusion to his brief on appeal, he reframes the facts, and describes the "case at bar" as "involv[ing] a standard search-and-seizure probation condition, which unreasonably burdens appellant's privacy interests *insofar as it neither explicitly includes or excludes his electronic devices*." (Emphasis added.)  The

5

relief he seeks on appeal is to "ask[] this court to modify his order of probation by *excluding his electronic devices from warrantless search and seizure*, or to remand the matter to the trial court for reconsideration consistent with section 1546.1, subdivision (c)." (Emphasis added.) After the Attorney General filed its respondent's brief stating that the trial court "did not include an electronics search condition in appellant's conditions of probation," and that any claim that such a condition of probation was unreasonable is moot, appellant did not file a reply.

From Saldana's opening brief (and his non-response to the Attorney General's brief), we understand that Saldana is no longer challenging the imposition of a standard search-and-seizure probation condition, to which he briefly and unsuccessfully objected in the trial court. His point on appeal is that the trial court "fail[ed] to exclude appellant's electronic devices" from the search condition, or, put another way, failed to "insulate appellant's electronic devices from warrantless search and seizure" and that this makes the search condition somehow invalid under *Lent*.[3]

It is apparent from the record that the trial court did not impose an electronics search condition. We see no need to undertake a *Lent* analysis analyzing a condition that was not imposed. Nor do we see how the trial

---

[3] To the extent that Saldana does challenge the imposition of a standard search-and-seizure probation condition, we readily find that the challenge has no merit. Having been convicted of felony domestic violence, Saldana was prohibited from owning or having in his possession, custody or control any firearms or ammunition. Given that shortly before sentencing he relinquished 15 firearms pursuant to section 29810, a standard warrantless search condition is not an unreasonable way to ensure that he obeys all laws and complies with the terms of his probation, thus curtailing future criminal conduct. Nor can it be said that the burden on Saldana's privacy from a general search condition here is "substantially greater . . . than the circumstances warrant." (*Ricardo P.*, *supra*, 7 Cal.5th at p. 1128.)

6

court's asserted "failure to exclude appellant's electronic devices from the search and seizure condition of probation" constitutes an abuse of discretion, when the trial court did not impose the term.

Finally, we are unpersuaded by Saldana's argument that *In re I.V.* (2017) 11 Cal.App.5th 249 requires us to construe the trial court's imposition of a general search condition as including electronic devices when it says nothing of the sort, or to take any further action. There a juvenile made a facial constitutional challenge (raised for the first time on appeal) that a search condition was unconstitutionally vague as to whether it encompassed electronic data. The Court of Appeal rejected the challenge, noting that search conditions like the one imposed on I.V. were routine, there was nothing in the record to suggest that the juvenile court meant to authorize search of electronic data, and giving the search condition its "reasonable and practical construction," it only extended to tangible property. (*Id*. at p. 262.)

## DISPOSITION

The challenged order is affirmed.

7

 

_____
Miller, J.

WE CONCUR:


_____
Richman, Acting P.J.


_____
Stewart, J.


A164812, *People v. Saldana*