Filed 2/23/23  P. v. Robles CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E078832 |
| v. | (Super.Ct.No. FVI20000031) |
| JESSIE JAVIER ROBLES, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  John P. Vander Feer, Judge.  Dismissed as moot.

Matthew C. Tymann, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Senior Assistant Attorney General, Colette C. Cavalier and Nora S. Weyl, Deputy Attorneys General, for Plaintiff and Respondent.

1

Defendant and appellant Jessie Javier Robles appeals the trial court's order modifying the conditions of his probation. Because Robles's probation term has expired, we dismiss the appeal as moot.

## BACKGROUND

On January 6, 2021, pursuant to a negotiated plea agreement, Jessie Javier Robles pleaded no contest to one felony count of possession of child pornography (Pen. Code, § 311.11, subd. (a)) in exchange for a grant of probation. (Unlabeled statutory references are to the Penal Code.) Robles requested immediate sentencing and waived a probation report. The trial court suspended imposition of sentence and placed Robles on formal probation for 24 months on standard terms and conditions, including a custody term of two days in county jail with credit for two days served, and the court ordered Robles to register as a sex offender (§ 290.006, subd. (a); § 290, subd. (c)).

On March 1, 2022, the San Bernardino County Probation Department filed a request to modify Robles's probation to add 24 additional sex offender terms. On March 29, 2022, the trial court imposed 12 of the requested probation terms, with some modifications. Robles appealed, arguing the order modifying the terms of his probation was in excess of the court's jurisdiction because there was no change in circumstances providing a factual basis for the modification. Robles also challenges three of the added probation terms as unconstitutionally vague, overbroad, or otherwise invalid.

After Robles's 24-month probation term expired on January 5, 2023, and the record had not been augmented with any "order affecting the sentence or probation"

2

issued by the trial court after the appellate record had been certified (Cal. Rules of Court, rule 8.340(a)), we ordered supplemental briefing addressing whether this appeal should be dismissed as moot. We grant the People's unopposed request for judicial notice of the trial court's docket in case No. FVI20000031 showing there have been no probation violations. (Evid. Code, §§ 452, subd. (d)(1), 453.) In their supplemental briefs, the parties agree that the appeal should be dismissed as moot.

DISCUSSION

"An appeal should be dismissed as moot when the occurrence of events renders it impossible for the appellate court to grant appellant any effective relief. [Citation.]" (*Cucamongans United for Reasonable Expansion v. City of Rancho Cucamonga* (2000) 82 Cal.App.4th 473, 479.) Because Robles seeks an order striking or modifying certain conditions of probation, the expiration of his 24-month probation term renders this appeal moot. (See *People v. Moran* (2016) 1 Cal.5th 398, 408, fn. 8; *People v. Carbajal* (1995) 10 Cal.4th 1114, 1120, fn. 5.)

DISPOSITION

The appeal is dismissed as moot.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MENETREZ _____
J.

We concur:

MILLER _____
Acting P. J.

FIELDS _____
J.

3