Filed 9/17/24  P. v. Sewell CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>SEBASTIAN MICHAEL SEWELL,<br><br>        Defendant and Appellant. | A169528<br><br>(Marin County<br>Super. Ct. No. SC215091A) |

Defendant Sebastian Sewell pleaded guilty to one count of felony sexual battery (Pen. Code, § 243.4),[1] and the trial court placed him on probation, subject to several terms and conditions, including that defendant was prohibited from being "alone with anyone under the age of 18 years, with the exception of anyone residing with him, unless another adult over the age of 18 is present."  On appeal, defendant contends, and the Attorney General concedes, this condition is invalid under *People v. Lent* (1975) 15 Cal.3d 481 (*Lent*).[2]  We agree and order the condition stricken.

---

[1]  All further statutory references are to the Penal Code.

[2]  Superseded by statute on another ground as stated in *People v. Moran* (2016) 1 Cal.5th 398, 403, footnote 6.

## BACKGROUND[3]

In December 2020, 22-year-old Jane Doe went over to defendant's mother's house. There, defendant and Doe had a few glasses of wine and engaged in consensual oral and vaginal sex.

After taking a break, the two resumed "sexual activities." By this point, Doe had had two or three glasses of wine, and defendant had had four or five. When defendant began orally copulating Doe, she felt a "biting or sharp pain" that "was a sharp enough pain to kind of jolt [her] onto [her] elbows." Doe told defendant she did not " 'like that,' " but could not remember if he acknowledged her, and defendant continued. Doe "kept getting that pain and that pressure of teeth biting," and she told defendant to stop and tried to "take his head off of [her]," but he nonetheless continued. She also "would scream at certain points," but every time she did so, defendant would choke her, put his hand over her mouth, or restrain her by holding Doe's hands down by her stomach or above her head. When defendant stopped copulating her, he "would then go and stick his penis inside of [Doe's] vagina." After he "successfully . . . got it in," defendant choked Doe and slapped her across the "face multiple times." Doe stated "there was no way of me getting air in or out or speaking." Defendant then repeated the process of orally copulating Doe and having vaginal sex with her. Doe continued to try and pull defendant's head away, scream, and tell defendant to stop. Whenever she did so, defendant "either would put his hands over [her] throat or he would put his hands over [her] mouth to prevent [her] from screaming."

Eventually, Doe was able to leave. When she got up the next day, Doe noticed "discoloration and bruising and swelling" on her nipples, marks on

---

[3] We relay only those facts necessary to the issue on appeal.

2

her chest, "bruising, as well as . . . a red mark on [her] left eye, on the white of [her] eye," blood in her underwear, swelling and pain around her vaginal area, which was "black and blue," and "bruises all around [her] neck as well." Doe went to the hospital, and hospital staff contacted the police. After a pretext call, police arrested defendant.

The Marin County District Attorney filed an amended information alleging one count of rape (§ 261, subd. (a)(2)—count 1), forcible oral copulation (§ 287, subd. (c)(2)(A)—count 2), sexual battery by restraint (§ 243.4, subd. (a)—count 3), and assault by means likely to cause great bodily injury (§ 245, subd. (a)(4)—count 4). The information further alleged counts 1 and 2 were serious and violent felonies (§§ 1192.7, subd. (c)(3), 667.5, subd. (c)(3)).[4]

Pursuant to a negotiated disposition, defendant pleaded guilty to count 3 (sexual battery by restraint), in exchange for a maximum four-year term. At the sentencing hearing, the trial court imposed a four-year term of supervised probation, subject to numerous terms and conditions including that defendant "shall not be alone with anyone under the age of 18 years, with the exception of anyone residing with him, unless another adult over the age of 18 is present."

---

[4] Following the preliminary hearing, the information was amended to add several other allegations, including that all four counts involved great violence, great bodily harm, or other acts disclosing a high degree of cruelty, viciousness, or callousness (Cal. Rules of Court, rule 4.421(a)(1)); the victim was particularly vulnerable (*id.*, rule 4.421(a)(3)); consecutive sentences could have been imposed, but concurrent sentences were instead being imposed (*id.*, rule 4.421(a)(7)); defendant took advantage of a position of trust (*id.*, rule 4.421(a)(11)); and defendant engaged in violent conduct that indicates a danger to society (*id.*, rule 4.421(b)(1)).

DISCUSSION

"[T]rial courts are given broad discretion in fashioning terms of probation in order to foster the reformation and rehabilitation of the offender while protecting public safety." (*People v. Arevalo* (2018) 19 Cal.App.5th 652, 656.) But that discretion is confined within statutory limitations. (§ 1203.1, subd. (j) [court may impose reasonable conditions].) *Lent, supra*, 15 Cal.3d 581, "supplies [the] framework for determining whether a condition of probation is 'reasonable' and therefore authorized by the Legislature's general endorsement of such conditions." (*In re Ricardo P.* (2019) 7 Cal.5th 1113, 1132 (conc. & dis. opn. of Cantil-Sakauye, C.J.).) To test conditions for reasonableness, courts apply the test announced in *Lent*. On appeal, our review for *Lent* error is for abuse of discretion. (*People v. Olguin* (2008) 45 Cal.4th 375, 379.)

Under *Lent*, a court abuses its discretion when it imposes a term or condition that " '(1) has no relationship to the crime of which the offender was convicted, (2) relates to conduct which is not in itself criminal, and (3) requires or forbids conduct which is not reasonably related to future criminality.' " (*Lent, supra*, 15 Cal.3d at p. 486.) "This test is conjunctive— all three prongs must be satisfied before a reviewing court will invalidate a . . . term." (*People v. Olguin, supra*, 45 Cal.4th at p. 379; accord, *In re Ricardo P., supra*, 7 Cal.5th at p. 1118.)

Defendant contends the condition satisfies all three *Lent* prongs. Defendant notes Jane Doe was over the age of 18 and there was "no evidence or even suggestion that [defendant] was interested in sexual relations with minors." Nor were there any concerns or reasons supplied by the probation department or annunciated by the court or counsel why defendant could not be alone with someone under the age of 18. Thus, the condition bears no

4

relationship to the crime of conviction.  Additionally, the conduct is not in itself criminal.  Finally, because there is no indication defendant is at risk of committing sexual offenses against minors, the condition is not reasonably related to preventing future criminality.  The Attorney General concedes the condition is invalid and should be stricken.  For the reasons expressed, the concession is well taken.[5]

## DISPOSITION

The condition prohibiting defendant from being "alone with anyone under the age of 18 years, with the exception of anyone residing with him, unless another adult over the age of 18 is present" is stricken.  In all other respects, the judgment is affirmed.

---

[5] Given our determination that the condition is invalid under *Lent*, we need not and do not reach defendant's alternate argument that the condition is unconstitutionally overbroad.

_____
Banke, J.

We concur:

_____
Humes, P.J.

_____
Langhorne Wilson, J.

A169528, People v. Sewell

6