Filed 9/16/25  P. v. Banderas CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

|  |  |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G063529 |
| v. | (Super. Ct. No. 23NF1047) |
| DANIEL BANDERAS, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a judgment of the Superior Court of Orange County, Michael A. Leversen, Judge. Affirmed in part, reversed in part, and remanded with directions.

Nicholas Seymour, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland, Assistant Attorney General, Christopher P. Beesley and Michael Patty, Deputy Attorneys General, for Plaintiff and Respondent.

Daniel Banderas appeals from a judgment granting probation conditioned on consent to electronic device searches. We agree with the parties the condition should be stricken. We remand with directions to strike the condition and otherwise affirm the judgment.

FACTS

Banderas hit a bicyclist while driving and was convicted of assault with a deadly weapon. The trial court suspended imposition of a sentence and placed Banderas on probation for two years, conditioned on him submitting to searches and seizures demanded by peace officers. The prosecutor asked: "[W]ould the court impose search and seizure of . . . electronic devices?" Though Banderas objected that the condition was not "factually related to . . . this case," the court decided to "include the electronic devices."

DISCUSSION

"The *Lent* test" consists of "three prongs [that] must be satisfied [to] . . . invalidate a probation" condition: it must (1) have ""no relationship to the . . . convict[ion], (2) relate[] to conduct which is not in itself criminal, and (3) require[] or forbid[] conduct which is not reasonably related to future criminality.""" (*In re Ricardo P.* (2019) 7 Cal.5th 1113, 1118.)[1] *Ricardo* applied *Lent's* third prong to affirm the striking of an electronic device search condition (*Ricardo*, at pp. 1116–1117, 1119, 1129) as "substantially disproportionate to the legitimate interests in promoting rehabilitation and

---

[1] Because the parties agree the condition should be stricken, we do not address their dispute about whether Banderas forfeited his appellate challenge by not specifying the test's third prong during his objection. The test is named after *People v. Lent* (1975) 15 Cal.3d 481, superseded on another ground as stated in *People v. Moran* (2016) 1 Cal.5th 398, 403, fn. 6.

public safety" (*id.* at p. 1129). The high court found the condition "impose[d] a very heavy burden . . . with a very limited justification." (*Id.* at p. 1124.)

We find the same here. The Attorney General concedes, and we agree, that no "evidence indicat[ed] that Banderas . . . used electronic devices to commit []his crime, prior crimes, or [that he] otherwise associated with others for the purpose of committing crimes." The electronic devices search condition satisfies *Lent*'s three prongs because the condition does not relate to Banderas's conviction, his possession of devices is not by itself criminal, and—as the Attorney General concedes—"the record appears too lean on facts" to justify unconditional submission to searches and seizures of devices as reasonably related to future criminality.

## DISPOSITION

The judgment is reversed as to the probation condition on consent to electronic device searches and seizures. We remand the case to the trial court with directions to strike the phrase "including electronic devices" from the conditions imposed. In all other respects, the judgment is affirmed.


SCOTT, J.

WE CONCUR:


MOTOIKE, ACTING P. J.


DELANEY, J.


3