Filed 2/3/26  P. v. Galindo CA4/3

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>GONZALO GALINDO,<br><br>    Defendant and Appellant. | G064760<br><br>(Super. Ct. No. 22WF3040)<br><br>O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, Robert A. Knox, Judge. Modified and affirmed.

Thien Huong Tran, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland, Chief Assistant Attorney General, A. Natasha Cortina and Liz Olukoya, Deputy Attorneys General, for Plaintiff and Respondent.

\*       \*       \*

Although a trial court has broad discretion in imposing terms and conditions when sentencing a criminal defendant to probation instead of imprisonment, any conditions imposed must have some relationship to the crime and be designed to prevent future criminality. In this case, one of the probation conditions imposed required defendant to participate in mental health and substance abuse testing and treatment. Not only was this unconnected to the underlying crime, any suggestion in the probation and sentencing report that defendant suffered from mental health or substance abuse issues was wholly unsupported. Therefore, that probation condition must be stricken.

## FACTUAL AND PROCEDURAL BACKGROUND

Defendant Gonzalo Galindo defaulted on the mortgage payments for his mobile home and on the space rent payments for the land under the mobile home. SJM Mobile Home LLC, which held Galindo's mortgage, began eviction proceedings, and ultimately obtained a writ of sale or writ of execution to remove Galindo from the property. Jean-Marc Herrouin, an owner of SJM, gave Galindo four weeks' notice to remove his possessions from the mobile home.

SJM hired a contractor to renovate the mobile home in October 2022. On October 19, 2022, the contractor called Herrouin and a sheriff's deputy—Deputy Salazer—to the property because the windows and doors had been boarded up, a piece of sheet metal had been pulled back to allow access to a crawl space under the home, and the locks had been changed. Galindo's name and phone number were posted on a sign on the side of the mobile home, along with the statement he was the owner of the property. Galindo was not observed at the property that day.

2

When another sheriff's deputy was dispatched to the property several days later, he encountered Galindo, who admitted boarding up the doors and windows and creating the crawl space to access the mobile home. Galindo also admitted to the deputy that he had told someone else he was going to burn down the property.

Another deputy sheriff was dispatched to the property about 10 days later and observed orange spray paint on the outside walls of the mobile home reading "not for sale" with the letters GG. The deputy found Galindo in the area about a half hour later, with orange paint on his finger and a can of orange spray paint in a bag he was carrying.

At trial, Galindo admitted boarding up the windows and doors and spray painting the outside walls of the mobile home. When asked why he did this, he responded to "claim my things back."

A jury found Galindo guilty of felony vandalism. (Pen. Code, § 594, subds. (a), (b)(1).) The jury could not reach a verdict as to a count of misdemeanor unauthorized entry of a dwelling (*id.*, § 602.5, subd. (a)), and the trial court declared a mistrial as to that count.

The trial court sentenced Galindo to two years formal probation with terms and conditions. Galindo filed a timely notice of appeal.

DISCUSSION

Galindo's sole argument on appeal is that probation condition No. 7 is invalid and constitutes an unconstitutional delegation of judicial authority to the probation officer. The probation condition in question reads: "Cooperate with the probation officer in any plan for psychiatric, psychological, alcohol and/or drug treatment, or counseling until mutual release of the treating agent/resource and the probation officer." This

3

condition was recommended in the probation and sentencing report prepared before the sentencing hearing.

At the sentencing hearing, Galindo's counsel objected to this term: "I understand this is a normal term, to cooperate for any plan for psychiatric, psychological, alcohol, and/or drug treatment, but I would object to, you know, the psychiatric, psychological, alcohol, and drug treatment if that's suggested. There's no indication that that has ever been an issue in this case."

"[A] sentencing court has 'broad discretion to impose [probation] conditions to foster rehabilitation and to protect public safety pursuant to Penal Code section 1203.1.' [Citation.] But such discretion is not unlimited: '[A] condition of probation must serve a purpose specified in the statute,' and conditions regulating noncriminal conduct must be "'reasonably related to the crime of which the defendant was convicted or to future criminality."' [Citation.]" (*People v. Moran* (2016) 1 Cal.5th 398, 403.)

A probation condition will be upheld unless all of the following are true: "it '(1) has no relationship to the crime of which the offender was convicted, (2) relates to conduct which is not in itself criminal, and (3) requires or forbids conduct which is not reasonably related to future criminality . . . .' [Citation.]" (*People v. Lent* (1975) 15 Cal.3d 481, 486 (*Lent*).) We review a challenge to the conditions of probation for abuse of discretion. (*People v. Moran, supra,* 1 Cal.5th at p. 402.)

The Attorney General concedes that the portion of the probation condition regarding alcohol and drug treatment does not meet the three-prong test under *Lent, supra,* 15 Cal.3d 481, 486, and should be stricken. As to the mental health portion of the probation condition, applying *Lent*'s

three-prong analysis, the parties agree mental health issues are not criminal in and of themselves.

The extent of the proof that Galindo suffers from mental health issues is the following statement from the probation and sentencing report: "Telephone contact was established with Deputy Salazar. He advised he never had any direct contact with the defendant on the vandalism arrest. Based on his conversations with other deputies regarding additional pending charges, it seems clear to him the defendant may have a mental health disorder. He feels the defendant would benefit from probation supervision. However, having not spoken to the defendant directly, he elected not to speculate as to an appropriate punitive consequence for this matter." Although the probation and sentencing report later identified Deputy Salazar as the arresting officer, his own statements in the report (as well as his testimony at trial) establish he never directly encountered Galindo, and never even spoke with him over the telephone.

There was no evidence that Galindo suffers from any mental health issues or has any substance abuse problems. Therefore, there can be no relationship between his crime and the probation condition requiring him to cooperate with a plan for treatment of those issues, nor can the probation condition reasonably prevent future criminality. The trial court relied on unsupported statements in the probation and sentencing report and thus abused its discretion in including this probation condition. Probation condition No. 7 must be stricken.

DISPOSITION

Probation condition No. 7 is stricken. In all other respects, the judgment is affirmed.


BANCROFT, J.*

WE CONCUR:


SANCHEZ, ACTING P. J.


DELANEY, J.

*Judge of the Orange County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.