Filed 10/6/23  P. v. Moore CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C098124 |
| Plaintiff and Respondent, | (Super. Ct. No. 21FE000045) |
| v. | |
| BOBBY EUGENE MOORE, | |
| Defendant and Appellant. | |

After defendant Bobby Eugene Moore pled no contest to possessing an assault weapon, the trial court imposed an electronics search condition as part of its grant of probation.  Defendant now argues that this probation condition is unreasonable and unconstitutionally overbroad.  We affirm.

FACTUAL AND PROCEDURAL BACKGROUND

Police had been monitoring defendant's social media accounts when they observed a post showing defendant holding a Norinco SKS assault rifle.  The rifle was subsequently located during a search of defendant's residence.  Defendant was charged

1

with possession of an assault weapon, carrying a concealed firearm within a vehicle, and carrying a loaded firearm in public. It was further alleged that each of the offenses was committed for the benefit of a criminal street gang.

Defendant pled no contest to possession of an assault weapon. The trial court granted formal probation for two years and ordered defendant to serve 240 days in county jail. At the sentencing hearing, defense counsel stated that defendant sought to serve his county jail time on a sheriff's alternative program and to have his probation transferred to Las Vegas, Nevada, where defendant resides. The court initially responded that the 240-day sentence could not be transferred out of state, but defense counsel ultimately persuaded the court that it could be. The court ordered defendant to "[s]erve 240 days in the county jail. . . . I am going to order that you be allowed to serve this on a sheriff's alternative program. And the [*sic*] that may be done in Clark County, Nevada." The court also struck the probation condition that defendant could "not leave the State of California, at any time, without first securing permission from [defendant's] probation officer."

An electronics search condition was imposed as part of defendant's probation. That condition provides, in relevant part, that "[d]efendant shall submit his/her person, place, property, automobile, electronic storage devices, and any object under his/her control, including but not limited to cell phones and computers, to search and seizure by any law enforcement officer or probation officer, any time of the day or night, with or without a warrant, with or without his/her presence or further consent."

## DISCUSSION

Defendant contends that the imposed electronics search condition is unreasonable under *People v. Lent* (1975) 15 Cal.3d 481, superseded by statute on another ground as stated in *People v. Moran* (2016) 1 Cal.5th 398, 403, fn. 6, and unconstitutionally overbroad. The People argue that defendant has forfeited his claims by failing to assert a timely objection below. We agree with the People. When a defendant fails to object in

2

the trial court on the ground that a probation condition is unreasonable under *Lent*, he cannot raise the issue on appeal. (See *People v. Welch* (1993) 5 Cal.4th 228, 234-238; *People v. Gonzalez* (2020) 57 Cal.App.5th 960, 978 ["It is well established that a defendant may not raise a *Lent* challenge for the first time on appeal"].)

As to defendant's overbreadth claim, we recognize that certain facial constitutional challenges to a probation condition may be raised for the first time on appeal. (*In re Sheena K.* (2007) 40 Cal.4th 875, 888.) But this exception to forfeiture only applies to claims that present " 'pure questions of law that can be resolved without regard to the sentencing record in the trial court.' " (*Id.* at p. 884.) As-applied constitutional challenges may still be forfeited if not previously raised. (*Id.* at p. 889; see also *People v. Patton* (2019) 41 Cal.App.5th 934, 946.) Here, defendant argues that the electronics search condition is overbroad "because there is no indication in the record that [defendant]'s possession of the firearm in question was in any way facilitated by or related to the use of a cell phone, computer, or other electronic device." This is a classic as-applied claim. Because defendant's overbreadth challenge does not present a pure question of law, his failure to object below forfeits the issue on appeal.[1]

Anticipating our conclusion that his claims are forfeited, defendant also argues that trial counsel provided ineffective assistance by failing to object to the electronics search condition below. "[T]o establish a claim for ineffective assistance of counsel, . . . defendant must show his . . . counsel's performance was deficient and that [he] suffered prejudice as a result." (*People v. Mickel* (2016) 2 Cal.5th 181, 198; see *Strickland v. Washington* (1984) 466 U.S. 668, 687-692.) If either element of the ineffective

---

[1]     Defendant's reasonableness challenge under *People v. Lent*, *supra*, 15 Cal.3d 481 is also an as-applied challenge, as defendant argues that the electronic search condition is insufficiently related to the crime that he was convicted of. Therefore, even if the exception to forfeiture for facial constitutional challenges could apply to a *Lent* claim, it would not apply to defendant's claim in this case.

assistance of counsel analysis has not been proven, the defendant's claim of ineffective assistance fails. (*Strickland*, at p. 697.) We presume that "counsel's actions fall within the broad range of reasonableness, and [we] afford 'great deference to counsel's tactical decisions.' " (*Mickel*, at p. 198.)

As our Supreme Court has observed, "certain practical constraints make it more difficult to address ineffective assistance claims on direct appeal rather than in the context of a habeas corpus proceeding." (*People v. Mickel*, *supra*, 2 Cal.5th at p. 198.) This is because "[t]he record on appeal may not explain why counsel chose to act as he or she did. Under those circumstances, a reviewing court has no basis on which to determine whether counsel had a legitimate reason for making a particular decision, or whether counsel's actions or failure to take certain actions were objectively unreasonable." (*Ibid.*) We will reverse only "if there is affirmative evidence that counsel had ' " 'no rational tactical purpose' " ' for an act[] or omission." (*Ibid.*) If " ' "the record on appeal sheds no light on why [trial] counsel acted or failed to act in the manner challenged," ' " an appellate claim of ineffective assistance of counsel must be rejected " ' "unless counsel was asked for an explanation and failed to provide one" ' " or there " ' "could be no satisfactory explanation." ' " (*People v. Mendoza Tello* (1997) 15 Cal.4th 264, 266.) A defendant thus bears a difficult burden when asserting an ineffective assistance claim on direct appeal. (*Mickel*, at p. 198.)

Here, defense counsel did not explain, and was not asked to explain, the failure to object to the electronics search condition. But there are at least two possible tactical reasons for not objecting. First, counsel had already negotiated an extremely favorable disposition for defendant and could have reasonably concluded that the trial court would not have entertained an objection to the probation condition. Second, trial counsel sought to convince the court that defendant could serve his county jail sentence in a sheriff's alternate work program in defendant's home state of Nevada. Counsel could have made a reasonable tactical decision to forgo any challenge to the probation conditions in order

4

to have a better chance of convincing the court to agree to this arrangement.  On the present record, because there are conceivable reasons counsel would decline to object to the electronic search condition, we cannot find ineffective assistance of counsel on direct appeal.

DISPOSITION

The judgment is affirmed.

/s/_____
ROBIE, J.

We concur:

/s/_____
EARL, P. J.

/s/_____
HULL, J.