Filed 4/17/26  P. v. Ricohuiltron CA1/1
## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>ANTHONY RICOHUILTRON,<br><br>        Defendant and Appellant. | A171370<br><br>(Alameda County<br>Super Ct. No. 24CR003107) |

## MEMORANDUM OPINION[1]

Anthony Ricohuiltron pleaded no contest to assault with force likely to cause great bodily injury (Pen. Code,[2] § 245, subd. (a)(4)) pursuant to a negotiated plea agreement that contemplated a two-year term of probation. (§ 1203.1, subd. (a).)  But at Ricohuiltron's sentencing hearing, the court imposed a three-year term of probation under section 1203.097, subdivision (a)(1), which establishes a "minimum period of probation of 36 months" for crimes of domestic violence.

---

[1] We resolve this case by memorandum opinion.  (Cal. Stds. Jud. Admin., § 8.1.)  We provide a limited factual summary because our opinion is unpublished and the parties know, or should know, "the facts of the case and its procedural history."  (*People v. Garcia* (2002) 97 Cal.App.4th 847, 851.)

[2] All statutory references are to the Penal Code.

1

In this appeal, Ricohuiltron argues he never admitted to having any kind of romantic relationship with the victim, and therefore the three-year probation term for domestic violence violated *Apprendi v. New Jersey* (2000) 530 U.S. 466, 490 (*Apprendi*) [requiring any fact, other than the fact of a prior conviction, "that increases the penalty for a crime beyond the prescribed statutory maximum" to be admitted by the defendant, established by the defendant's guilty plea, or submitted to a jury and proved beyond a reasonable doubt].  We disagree with the suggestion that *Apprendi* is applicable, and we will affirm the judgment accordingly.

In his opening brief, Ricohuiltron contends *Apprendi* was violated by "the imposition of the" three-year probation term "mandated by section 1203.097[,]" which "increased appellant's probationary term—and therefore his punishment—for a non-domestic violence offense based on a factual finding: that" the victim was a victim of "Domestic violence" as defined by Family Code section 6211.  In response, the Attorney General argues that *Apprendi* is inapplicable because, "[a]s an act of grace or clemency," an order of probation is not a penalty at all.  (*People v. Moran* (2016) 1 Cal.5th 398, 402.)  Thus, according to the Attorney General, the factual finding that increased Ricohuiltron's probation term did not increase "the *penalty* for a crime beyond the prescribed statutory maximum." (*Apprendi, supra,* 530 U.S. at p. 490, italics added.)

But we need not decide whether probation is a penalty, because there is an even simpler reason why *Apprendi* does not apply:  A two-year probation term is not "the prescribed statutory maximum" for the crime of which Ricohuiltron was convicted.  (*Apprendi, supra,* 530 U.S. at p. 490.)  Assault with force likely to produce great bodily injury may be punished "by imprisonment in the state prison for two, three, or four years."  (§ 245,

subd. (a)(4).)  And probation is a mercy "an offender has no right or privilege to be granted." (*People v. Moran*, *supra*, 1 Cal.5th at p. 402.)  When compared to even two years' imprisonment in the state prison, then, three years' probation can hardly be construed as an *increased* penalty, even if it might arguably be construed as a penalty in some limited sense.  For that reason, we reject Ricohuiltron's claim.

## DISPOSITION

The judgment is affirmed.

_____
SMILEY, J.

WE CONCUR:


_____
HUMES, P. J.


_____
BANKE, J.

*People v. Ricohuiltron* / (A171370)

4